OPINION

BIRCH, Justice.
In this appeal,[1] we must determine whether a false response from an individual to an *604 inquiry made by a law enforcement officer constitutes a false report within the meaning of Tenn.Code Ann. § 39-16-502(a)(1) (1991). After careful review, we hold that § 39—16— 502(a)(1) applies to statements volunteered or initiated by an individual but does not apply to statements made in response to inquiries by law enforcement officers. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.
Betty Levandowski, the defendant, was convicted of aggravated child abuse and making a false report. On appeal, Levandowski argued that the false report statute was “overly broad and vague.” The intermediate court affirmed the conviction for aggravated child abuse and reversed the conviction for making a false report. We granted the State’s application for permission to appeal and limited the grant to the “false report” issue.
I
On May 19, 1994, an officer with the Kingsport Police Department went to Levan-dowski’s home to investigate a report of suspected child abuse. Upon arrival, the officer spoke with Levandowski and asked to see the child. Levandowski responded that she had put the boy on a bus to Chicago and if the officer did not believe her, he could look around. Later, however, the child was found in a neighboring residence. Levandowski was subsequently indicted for and convicted of a violation of Tenn.Code Ann. § 39-16-502(a)(1) for her false response to the officer’s question as to the child’s whereabouts.
II
The construction of a statute is a question of law, and thus, our review is de novo. Roseman v. Roseman, 890 S.W.2d 27, 29 (Tenn.1994); The Beare Co. v. Tennessee Dept. of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993); Comdata Network, Inc. v. Tennessee Dept. of Revenue, 852 S.W.2d 223 (Tenn. 1993).
A statute must be construed so as to ascertain and give effect to the intent and purpose of the legislation considering the statute as a whole and giving words their common and ordinary meaning. Crowe v. Ferguson, 814 S.W.2d 721, 723 (Tenn.1991); Marion Cty. Bd. of Comm’rs v. Marion Cty. Election Comm’n, 594 S.W.2d 681, 684-85 (Tenn.1980). The Court should assume that the legislature used each word in the statute purposely and that the use of these words conveyed some intent. Crowe, 814 S.W.2d at 723; Anderson Fish & Oyster Co. v. Olds, 197 Tenn. 604, 277 S.W.2d 344, 346 (1955). Furthermore, this Court may review previous legislation on the subject in an effort to learn the present intention of the legislature. Id. In construing statutes, courts must presume that the legislature has knowledge of its prior enactments and knows the state of the law at the time it passes legislation. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995).
Finally, penal statutes are construed strictly and against the State. State v. Bobo, 727 S.W.2d 945, 952 (Tenn.1987). As a general rule of statutory construction, any ambiguity in a criminal statute is construed in favor of the defendant. State v. Blouvett, 904 S.W.2d 111, 113 (Tenn.1995)(ciimg Key v. State, 563 S.W.2d 184, 188 (Tenn.1978)).
With these caveats in mind, we turn to the statute at issue. Tennessee Code Annotated § 39-16-502(a) provides in pertinent part:
It is unlawful for any person to:
(1) Report to a law enforcement officer an offense or incident within the officer’s concern:
[[Image here]]
(C) Knowing the information relating to the offense is false ...
At the outset, we note that the previous version of this statute was worded more broadly:
(a) A person commits the offense of false reporting to authorities if he:
[[Image here]]
(3) Makes a report, purposely causes the transmission of a report or furnishes information to law enforcement authorities concerning a crime or other incident within their official concern if he knows that he *605 has no such information relating to such crime or incident or he knows that the information is false....
Tenn.Code Ann. § 39-5-524 (1983)(emphasis added). Thus, it is reasonable to conclude that in amending the statute, the legislature intended to narrow the situations in which it applies.
We have also carefully reviewed the legislature’s use of the term “report” in other sections of the criminal code. The legislature has consistently used the term “report” in contexts where the individual initiates the provision of the information, not in contexts where an individual is responding to an inquiry. See Tenn.Code Ann. § 39-13-525(b)(Supp.l996)(“the district attorney general shall conduct a criminal history check .... [and] report the results of such criminal history check to the court ....”); § 39-14-209 (1991)(upon receiving information that a horse is footsore, the manager of the horse show “shall report the same in writing to the district attorney general ....”); §§ 39-14-902(2)(C)(i) & -903(c)(2)(A)(Supp.l996)(mon-ey laundering statute does not apply to suspicious transactions “whether reportable or not under any state or federal currency transaction reporting or recording requirements, where: [s]uch person or corporation reports such suspicious transaction_”); § 39-14-909 (Supp.l996)(“/í//¿e reporting of a financial transaction by a corporation or other business entity to a regulator shall not create a cause of action _”); § 39-15-203 (1991)(a doctor performing an abortion “shall make a report to the commissioner of health _”); § 39-16-606 (1991)(whenever a person escapes from custody, the appropriate warden “shall immediately report the escape. ...”); § 39-17-1312 (Supp.l996)(“It is an offense if the parent ... knows that such minor is in illegal possession of a firearm ... [and] fails to report it to the appropriate school or law enforcement officials.”). In contrast, the perjury statute uses the phrase “make a false statement,” which is obviously intended to include responsive statements. See Tenn.Code Ann. § 39-16-701 et seq. (1991). Thus, while “report” can, according to some of its dictionary definitions, be used in the context of a response to a question, the legislature has not utilized the term in this manner. Arguably, the statute is ambiguous. We believe the better course is to construe “report” as used in Tenn.Code Ann. § 39-16-502 consistent with its use in the other sections of the criminal code. As a criminal statute, § 39-16-502 is also subject to strict construction in favor of the defendant.
We also note that the legislature defined the term “statement” in the subsection immediately preceding the subsection at issue here. Had the legislature intended § 39-16-502 to apply to responsive statements, the obvious term to use would have been “statement.” The court in People v. Smith, 131 Cal.App.2d Supp. 889, 281 P.2d 103 (Cal.Super.1955) reached a similar conclusion:
we have concluded that if it had been the intent of the City Council to proscribe conduct such as that disclosed by the evidence here, it would have used language substantially different from that which it did. It seems reasonable that in such circumstances it would have provided that it should be unlawful for any person to willfully make a false statement to a police officer for the purpose stated—rather than using the word “report,” which in its context, at least, seems to connote a statement written or oral made upon the initiative of one who resorts to the police department or a member thereof for the specific purpose of having some action taken with respect thereto rather than by way of response to questions by an officer....
Id. at 104.
We hold today that “report” as used in Tenn.Code Ann. § 39-16-502 applies to a written or oral statement initiated by a person. In this context, “report” does not apply to a person’s response to an inquiry by a law enforcement officer.
It results that the judgment of the Court of Criminal Appeals is affirmed. Costs are taxed to the State, for which execution may issue if necessary.
ANDERSON, C.J., and REID, J., concur.
DROWOTA and HOLDER, JJ., dissent.

. Oral argument was heard in this case on May 7, 1997, in Morristown, Hamblen County, Tennessee, as part of this Court’s S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.