IN RE: ANNIE CHRISTINA HARRIS,    )
                                  )
ANNIE CHRISTINA HARRIS, and       )
STEPHANIE DEVONA HAMILTON,        )
                                  )
                                  ) Appeal No.
          Petitioners-Appellants, ) 01A01-9901-CV-00017
                                  )
v.                                )
                                  ) Rutherford Circuit
WILLIAM THOMAS BLANTON,           )
                                  )
          Respondent-Appellee,    )

FILED

July 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE ROYCE TAYLOR, JUDGE

JEFFREY J. MILLER
427 Cummins Station
209 Tenth Avenue South
Nashville, Tennessee  37203-0777
          Attorney for Petitioners-Appellants

WILLIAM B. BRUCE and LOUISE R. FONTECCHIO
BRUCE, WEATHERS, CORLEY, DUGHMAN & LYLE
2075 First American Center
315 Deaderick Street
Nashville, Tennessee 37238-2075
          Attorney for Respondent-Appellee

AFFIRMED AND REMANDED

HERSCHEL P. FRANKS, JUDGE

CONCUR:
GODDARD, P.J.
SUSANO, J..

O P I N I O N

In this paternity action, the Trial Judge dismissed the complaint on the basis that the statute of limitations had run.

Annie Christina Harris, was born May 21, 1978. On September 22, 1998, when Ms. Harris was twenty years old, she and her mother filed a paternity action against William Thomas Blanton, and the Complaint alleged that Mr. Blanton is the father of Ms. Harris.

The issue on appeal involves the construction of a statute, specifically, the statute of limitations applicable to this case. Statutory construction presents a question of law, and our standard of review is *de novo,* without any presumption of correctness. *See State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997).

"A statute comes to a court 'clothed in a presumption of constitutionality [since] the Legislature does not intentionally pass an unconstitutional act.'" *Vogel v. Wells Fargo Guard Services,* 937 S.W.2d 856, 858 (Tenn. 1996). In construing statutes, the court "must indulge every presumption and resolve every doubt in favor of constitutionality." *Id.* It is the duty of the court "to adopt a construction which will sustain a statute and avoid constitutional conflict if any reasonable construction exists that satisfies the requirements of the Constitution." *Davis-Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520, 529 (Tenn. 1993).

At the time Ms. Harris was born in 1978, the applicable statute of limitations, then found at Tenn. Code Ann. § 36-224(2), provided that proceedings to establish the paternity of a child must be brought within two years of the child's birth. In 1983, the United States Supreme Court declared this statute unconstitutional because it denied certain illegitimate children the equal protection of law guaranteed by the Fourteenth Amendment to the United States Constitution. *Pickett v. Brown*, 462 U.S. 1, 103 S. Ct. 2199, 76 L. Ed. 2d 372 (1983).

In response, the Tennessee General Assembly amended the statute of limitations in 1984 by deleting the provision found to be unconstitutional and replacing it with the following:

> Proceedings to establish the paternity of a child may be instituted
> before or after the birth of the child and until one year beyond the child's

age of majority.

1984 Tenn. Public Acts ch. 614, §1. In 1989, the General Assembly further amended the statute, which had been renumbered as Tenn. Code Ann. § 36-2-103(b), by designating the preceding subsection as (1) and adding the following subsection:

> (2) Proceedings to establish paternity may be brought on behalf of a child in whose behalf a paternity action could have been brought under this part on August 16, 1984, but for whom no such action was brought, or for whom a paternity action was previously brought but was dismissed because the previous more restrictive statute of limitations was then in effect.

1989 Tenn. Public Acts ch. 206 § 9. This statute was in effect when Ms. Harris reached the age of majority, and when she reached the age of nineteen.

In 1997, the General Assembly combined the paternity and legitimation causes of action, and amended the statute of limitations in the process. *See* Tenn. Public Acts. ch. 477. The current statute of limitations provides as follows:

> (a) An action to establish the parentage of a child may be instituted before or after the birth of the child and until three (3) years beyond the child's age of majority. The provisions of this chapter shall not affect the relationship of parent and child as established in § 31-2-105.

> (b) An action to establish parentage may be brought on behalf of a child in whose behalf a paternity action could have been brought under this chapter on August 16, 1984, but for whom no such action was brought, or for whom a paternity action was brought but was dismissed because the previous more restrictive statute of limitations was then in effect. Nothing herein shall be construed to permit the filing of any paternity action after the statute of limitations established by subsection (a).

Tenn. Code Ann. § 36-2-306 (Supp. 1998); 1997 Tenn. Public Acts ch. 477, § 1. This provision went into effect on July 1, 1997, slightly over a month after Ms. Harris turned nineteen.

Neither party contends that the current version of the statute of limitations revives a cause of action that expired under the old law, but Ms. Harris essentially argues that under the statute in effect when she turned nineteen, there was no statute of limitations applicable to her cause of action. Ignoring subsection (b)(1), which sets forth the one year after the age of majority limitation, Ms. Harris relies on subsection (b)(2), which states:

> An action to establish parentage may be brought on behalf of a child in whose behalf a paternity action could have been brought under

3

> this chapter on August 16, 1984, but for whom no such action was brought, or for whom a paternity action was brought but was dismissed because the previous more restrictive statute of limitations was then in effect.

Tenn. Code Ann. § 36-2-103(b)(2) (repealed 1997). She asserts that she was six years old on August 16, 1984, and neither she nor her mother had brought a paternity action at that time, so the statute applies to her and allows her to bring such an action at any time, with no limitations. She states that the only effect the current statute had on this right to bring a paternity action is to limit that right to three years after her age of majority.

Construing the statute in its entirely, we determine that subsection (b)(1) sets forth the statute of limitations in paternity actions, which is one year past the age of majority. *See* Tenn. Code Ann. § 36-2-103(b)(1) (repealed 1997). Subsection (2) then provides that actions may be brought if they could have been brought "*under this part*" on August 16, 1984, but had not been brought, or if they had been brought and dismissed due to the more restrictive and unconstitutional statute of limitations. *See* Tenn. Code Ann. § 36-2-103(b)(2) (repealed 1997) (emphasis added). The natural and ordinary meaning of "under this part" indicates that it is referring to the statute of limitations provision. Thus, a cause of action could be brought "under this part" on August 16, 1984, if the child in question had not yet reached his or her nineteenth birthday on August 16, 1984. The language of the subsection indicates that it was designed to ensure that children who were once subject to the unconstitutional statute of limitations have a right of action for support that is not barred by the unconstitutional statute. However, that right was still subject to the provisions of subsection (b)(1), which sets forth the amended statute of limitations. Essentially, subsection (b)(2) was intended to clarify that paternity actions could be brought on behalf of all children who were not yet nineteen on August 16, 1984, up until their nineteenth birthdays, even if their actions would have been barred by the unconstitutional statute previously in effect.

The more recent enactment indicates that this is what the legislature intended by its addition of subsection (b) (2) to the statute. In the current version, the legislature increased the statute of limitations to three years past the age of majority, but kept the language of the prior subsection (b)(2), permitting actions to be brought if they

could have been brought "under this part" on August 16, 1984.  However, the legislature clarified its prior intent by adding the sentence, "Nothing herein shall be construed to permit the filing of any paternity action after the statute of limitations established by subsection (a)."  Tenn. Code Ann. § 36-2-306(b).  This sentence does not change the application of the law, it simply clarifies the intent of the legislature, that actions can be brought if they were previously barred by the prior unconstitutional statute of limitations, but remain subject to the current, statute of limitations.

To construe the statute as Ms. Harris requests would create an unconstitutional result.  Under the urged construction, the statute would create two classes, depending upon when the children were born.  One class, born after August 16, 1984, would be subject to the one year after the age of majority statute of limitations, and they would not be able to bring their causes of action after they turned nineteen.  The other class, born between August 17, 1965 and August 16, 1984, would not be subject to any statute of limitations, and could bring their causes of action at any time.  We do not conceive of any rational basis to justify such an inequitable classification.   We are required to adopt a construction which will sustain a statute and avoid constitutional conflict.  *Davis-Kidd Booksellers, Inc.*

We therefore conclude the statute of limitations barred this action, and we affirm the dismissal of the action by the Trial Judge.

The cause is remanded with the cost of the appeal assessed to the appellants.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Charles D. Susano, Jr., J.