IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 20, 2010 Session

STATE OF TENNESSEE, EX REL. COMMONWEALTH OF KENTUCKY
v.
STEVEN FARMER

An Appeal from the Circuit Court for Dyer County
No. 06-122     R. Lee Moore, Jr., Judge

_____

No. W2009-01503-COA-R3-CV - Filed September 8, 2010

_____

This appeal involves the registration of a foreign order.  In 1991, the parents of a minor child
were divorced in Texas, and the father was ordered to pay child support.  Soon thereafter, the
mother moved with the child to Kentucky and began receiving public assistance on behalf
of the child.  Because the mother was receiving public assistance, the father's child support
obligation was assigned to the Commonwealth of Kentucky.  In 2006, the father moved to
Tennessee.  Thereafter, Kentucky registered the Texas child support order in Tennessee and
sought to enforce it.  The father contested the registration of the child support order.  The
trial court rejected the father's challenges and ordered that the child support order be
registered for enforcement in Tennessee.  The father now appeals.  We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,
W.S., and DAVID R. FARMER, J., joined.

Steven Farmer, appellant, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General;
and Warren Jasper, Senior Counsel, for the appellee, State of Tennessee *ex rel.*
Commonwealth of Kentucky

# OPINION

## FACTS AND PROCEEDINGS BELOW

Defendant/Appellant Steven Farmer ("Father") and Shirley Farmer ("Mother") were divorced by a Texas court in 1991. They had one child born of the marriage on October 25, 1990. The Texas divorce decree ordered Father to pay Mother $100 per month, effective December 1, 1991.

In 1992, Mother and the child moved to Kentucky. Mother soon began receiving public assistance on behalf of the child. When Mother began receiving public assistance in Kentucky, Father's child support obligation was assigned to the Commonwealth of Kentucky. In 2003, when the child was thirteen years old, the child was placed in foster care in Kentucky.

At some point, Father moved to Missouri. In August 2005, the Kentucky Division of Child Support ("Kentucky") registered the Texas child support order in Missouri for enforcement.

In 2006, Father moved to Dyersburg, Tennessee. In August 2006, Kentucky requested enforcement assistance from the Tennessee Child Support Services, pursuant to the Uniform Interstate Family Support Act ("UIFSA"), Tennessee Code Annotated § 36-5-2301, *et seq*. On September 22, 2006, Kentucky registered the Texas child support order for enforcement in the Circuit Court of Dyer County, Tennessee. On October 9, 2006, Father filed a request with the Dyer County Circuit Court for a hearing on Kentucky's attempt to register the support order in Tennessee. On December 11, 2006, Father appeared in the trial court, apparently for a hearing; however, no hearing had been scheduled on the matter. On December 12, 2006, the trial court entered an order closing the case "pending future action and orders of the Court." Apparently, the matter was not pursued at that time.

In 2008, a sum of $1,038 belonging to Father was intercepted by Kentucky and applied toward Father's child support arrearage. The source of those funds and the circumstances surrounding Kentucky's interception of them are not clear in the record.[1] In any event, on July 25, 2008, Father filed a motion in the Tennessee trial court under the same docket number as the 2006 matter related to the registration of the Texas order, requesting a hearing and an order of mandamus. Father claimed that Tennessee, on behalf of Kentucky, intercepted the $1,038 belonging to him, and that such interception was impermissible because the Tennessee trial court had entered an order closing the case involving the

---

[1] The record indicates that the funds may have been federal income tax refunds due to Father, and that they were intercepted by Kentucky through its enforcement efforts.

registration of the Texas order in December 2006. Because the case had been closed, he averred, Tennessee was without authority to intercept those funds for Kentucky. He requested the return of the funds to him.

On July 28, 2008, the trial court held a hearing on Father's motion requesting an order of mandamus. On August 8, 2008, the trial court entered an order denying Father's request for an order of mandamus, finding that it did not have the authority to grant the motion. Father apparently did not appeal this order.[2]

On October 17, 2008, Kentucky filed a second request with Tennessee Child Support Services for interstate enforcement of the Texas child support order. On October 28, 2008, Kentucky again registered the Texas order in the Dyer County Circuit Court. As of October 24, 2008, the day before the child reached majority, Father's total child support arrearage totaled $15,199.14.[3]

On November 7, 2008, Father filed a timely notice in the trial court *pro se*, contesting the registration of the child support order in Tennessee. Father contested registration of the order based on his allegations that (1) Kentucky has never registered the Texas decree in Kentucky; (2) the Texas decree is invalid (for unspecified reasons); and (3) neither Father nor "any family member to whom he owes a duty of support recieved [sic] any services from Petitioner." On November 12, 2008, the State of Tennessee, *ex rel.* the Commonwealth of Kentucky ("State"), filed a notice of a hearing scheduled for December 22, 2008. The notice informed Father of the State's intent to take a default judgment against Father if he did not appear at the hearing. Father received the notice the next day, on November 13, 2008.

On the day of the scheduled hearing, December 22, 2008, Husband filed a motion to dismiss and a motion for mandamus. A hearing was convened on that date, and the matter was continued until March 23, 2009. The matter was later continued again, until June 22, 2009, at Father's request. On June 4, 2009, Father filed a motion for discovery and production, requesting that the State produce the December 12, 2006 order closing the original case and other documents not relevant to the issues involved.

---

[2]Because this order was not appealed, we do not address in this opinion any issues regarding the propriety of the interception of Father's funds.

[3]According to the State's brief, Kentucky sought to collect accrued child support arrearage from July 1992 through June 2003, during which time Kentucky paid public assistance benefits on behalf of the child. Kentucky also sought accrued child support arrearages from May 28, 2003, when the child first entered foster care, until the child reached majority. The child remained in foster care except for a brief period from June 8, 2004, to August 31, 2004, during which time the child resided with Mother.

On June 22, 2009, the trial court held a hearing on the matter. The appellate record does not include a transcript of this hearing. On June 24, 2008, the trial court entered an order, rejecting Father's challenges to the registration of the Texas child support order and holding that the child support order "is registered for enforcement in the State of Tennessee."[4] From this order, Father now appeals.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Father claims that the trial court erred in registering the Texas child support order, because the case involving the State's 2006 attempt to register the order was "closed" pursuant to the trial court's December 12, 2006 order. He further argues that, in 2006, both Missouri and Kentucky already had jurisdiction over him, and that Tennessee was attempting to exercise jurisdiction over him as well. He argues that registering the Texas order in Tennessee would result in three states having jurisdiction over him at the same time, and that this would violate what he terms as the "one-state one-order" system of the UIFSA.

We review the trial court's findings of fact *de novo* on the record, presuming those findings to the correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). As to the issues that are purely questions of law, we review the trial court's conclusions *de novo*, without such a presumption of correctness. ***See State v. Levandowski***, 955 S.W.2d 603, 604 (Tenn. 1997).

## ANALYSIS

During the time period relevant to this appeal, Father was a Tennessee resident obligated to pay child support for a child who resided in Kentucky. As such, the matter is governed by the UIFSA. "The UIFSA is comprehensive legislation aimed at establishing paternity and child support payments when parents live in different states." ***State of Tenn. ex rel. Martin v. Kalmon***, No. E2007-00770-COA-R3-CV, 2008 WL 1813110, at *5 (Tenn. Ct. App. Apr. 23, 2008).

The UIFSA sets out the procedures for registering a foreign order in a Tennessee court, as well as the procedures for contesting the validity of that order. Under the UIFSA framework, a foreign child support order may be registered in Tennessee by mailing certain "documents and information to the trial court in the county with appropriate jurisdiction." T.C.A. § 36-5-2602(a) (2005). Upon the trial court's receipt of a request for registration, the registering court "shall cause the order to be filed as a foreign judgment." T.C.A. § 36-5-2602(b). The

---

[4]The trial court did not directly address Father's motion for discovery and production; we find that this motion was implicitly denied.

foreign child support order is considered registered when it "is filed in the registering tribunal of this state." T.C.A. § 36-5-2603(a) (2005). The UIFSA includes a directive that, when the foreign order is registered, "the registering tribunal shall notify the nonregistering party" that the order has been registered. T.C.A.§ 36-4-2605(a) (2005).

Under the UIFSA, the nonregistering party may contest the validity of the foreign order within twenty days after the date of mailing or personal service of the notice.[5] T.C.A. § 36-5-2606(a) (2005). If the nonregistering party requests a hearing to contest the validity of the foreign order, the registering tribunal is directed to schedule a hearing on the matter. T.C.A. § 36-5-2606(c) (2005). The nonregistering party then has the burden of proving one of seven enumerated defenses:

> (a) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
>> (1) The issuing tribunal lacked personal jurisdiction over the contesting party;
>> (2) The order was obtained by fraud;
>> (3) The order has been vacated, suspended, or modified by a later order;
>> (4) The issuing tribunal has stayed the order pending appeal;
>> (5) There is a defense under the law of this state to the remedy sought;
>> (6) Full or partial payment has been made; or
>> (7) The statute of limitation under § 36-5-2604 (Choice of Law) precludes enforcement of some or all of the arrearages.
>
> (b) If a party presents evidence establishing a full or partial defense under subsection (a), a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the law of this state.

T.C.A. § 36-5-2607 (2005).

In the instant case, Kentucky registered the Texas child support order in the Tennessee trial court. Father filed a contest to the validity or enforcement of the order within twenty-day

---

[5]"If the nonregistering party fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law." T.C.A. § 36-5-2606(b).

time limitation. As directed under the UIFSA, the trial court set the matter for a hearing, pursuant to Tennessee Code Annotated § 36-5-2606(c).

The State asserts on appeal that Father did not submit any evidence at the hearing to support his claim that the registration of the support order should be vacated. A transcript of that hearing was not included in the record on appeal. Father, as the appellant, "has the burden of proving that the evidence presented below preponderates against the trial court's judgment." *Mfrs. Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000). "In the absence of a transcript or a statement of the evidence, a presumption arises that the parties presented sufficient evidence to support the trial court's judgment . . . ." *Id.* Because the appellate record in this case contains no transcript of the hearing on the registration of the Texas order, on appeal, we must presume that the evidence presented at that hearing supported the trial court's decision. *Id.*; *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Thus, to the extent that the trial court's decision is based on factual findings made by the trial court, it must be affirmed.[6]

Father's main argument on appeal is his allegation that the trial court cannot register the Texas child support order in Tennessee, because the order has been registered in several states. He claims that permitting several states to have jurisdiction over the matter at the same time violates the alleged "one-state one order" system established under UIFSA.[7] The facts related to this issue are essentially undisputed, and the issue is one of law. Therefore, even in the absence of a transcript of the proceedings or a statement of the evidence, the record on appeal is sufficient for this Court to consider this issue.

We must respectfully disagree with Father's contention that it is impermissible under the UIFSA to register a valid child support order in more than one state at a time. "[U]nder UIFSA there will be only one order in existence at any one time." *See* T.C.A. § 36-5-2603 cmts. The comments to UIFSA address the "one-order" system:

---

[6]In his reply brief, Father for the first time claims that the State made misrepresentations regarding his state of residence, and that he was not permitted to put forth a defense that he had made full or partial payment of his child support obligation. He refers in his reply brief to two "fraudulent child support transmittals." However, nothing in the appellate record indicates that Father articulated fraud as a defense in the trial court below. Father also alleges that the Commonwealth of Kentucky "has demonstrated an allergy to the truth" in these proceedings, but does not point to any place in the record in which he submitted evidence to the trial court to support such allegations. All of these allegations are made for the first time in Father's appellate brief. Issues not raised to the trial court, and for which no evidence was submitted to the trial court, may not be considered for the first time on appeal as valid defenses to the registration of the Texas order in Tennessee. *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006).

[7]In its broadest sense, we consider this to be a "defense under the law of this state to the remedy sought" pursuant to Tennessee Code Annotated § 36-5-2607(5).

Under the one-order system of UIFSA, only one existing order is to be enforced prospectively (if more than one child support order exists, refer to Section 207 . . . for resolution of the conflict). Registration of that order in the responding State is the first step to enforcement by a tribunal of that state. Rather than being an optional procedure, as was the case under RURESA [Revised Uniform Reciprocal Enforcement of Support Act], registration for enforcement under UIFSA is the primary method for interstate enforcement of child support. If the prior support order has been validly issued by a tribunal with continuing, exclusive jurisdiction, see Section 205 . . ., only that order is to be prospectively enforced against the obligor in the absence of narrow, strictly-defined fact situations in which an existing order may be modified. See Sections 609 through 612 . . . . Until that order is modified, however, it is fully enforceable in the responding state.

T.C.A. § 36-5-2601 cmts. "Conceptually, the responding State is enforcing the order of another state, not its own order." T.C.A. § 36-5-2603 cmts.

Nothing in the UIFSA prevents a valid order from being registered in several other states at the same time. Indeed, the comments to the UIFSA indicate that the original order may be "registered and enforced in additional states even after the issuing State has lost its power to modify its order . . . .[8] T.C.A. § 36-5-2205 cmts. They further explain: "The basic principle of the Act [UIFSA] is that throughout the process the controlling order remains the order of the issuing State, and that responding States only assist in the enforcement of that order." T.C.A. § 36-5-2604 cmts. Thus, if an obligor parent, such as Father in the instant case, moves frequently from state to state, Kentucky may seek to register the valid Texas order in any and all of the states in which Father resides and whose courts may exercise personal jurisdiction over him. This does not mean that Father is subject to several different orders; rather, he is subject to the single Texas order, enforced by any sister state to which he moves. Thus, the foreign support order remains valid in the issuing state and also in "those States in which the order has been registered." *See* T.C.A. § 36-5-2205 cmts. Consequently, we must reject Father's argument that there is a "one-state one-order" rule which prevents valid registration of the Texas child support order in Tennessee.

Any other arguments not specifically addressed in this Opinion are either pretermitted by our findings above, or have been found to be without merit. Therefore, we affirm the trial court's decision to register the Texas support order in Tennessee pursuant to the UIFSA.

---

[8] Although a Tennessee court may have jurisdiction to enforce a registered child support order, the court has subject matter jurisdiction to modify support orders issued by other states only when Tennessee Code Annotated § 36-5-2611(a) is satisfied.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Steven Farmer, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE