**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**DECEMBER 1998 SESSION**

**FILED**

**May 6, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JAMES GORDON COONS, III,** | * | C.C.A. No. 01C01-9801-CR-00014 |
| Appellant, | * | DAVIDSON COUNTY |
| vs. | * | Hon. Ann Lacy Johns, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

John T. Conners, III
P.O. Box 1451
Franklin, TN  37065-1451

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Timothy Behan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

Jon Seaborg
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN  37201-1649

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, James Gordon Coons, III, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court. On April 25, 1996, the petitioner pled guilty in the Davidson County Criminal Court to kidnapping and aggravated assault. Pursuant to a plea agreement, the trial court imposed an effective sentence of six years and one day incarceration in the Tennessee Department of Correction. In these post-conviction proceedings, the petitioner presents the following issues for our review:

1. Whether his sentence for kidnapping contravenes Tenn. Code. Ann. § 40-35-211(1) (1997), thereby violating his right to due process pursuant to Article I, Section 8 of the Tennessee Constitution and the Fourteenth Amendment to the United States Constitution.

2. Whether he was provided adequate notice of enhanced punishment pursuant to Tenn. Code. Ann. § 40-35-202(a) (1997), consistent with his right to due process.

3. Whether he knowingly entered his guilty pleas as required by Article 1, Section 8 of the Tennessee Constitution and the Fourteenth Amendment to the United States Constitution.

4. Whether his trial attorney provided ineffective assistance, thereby violating his rights pursuant to Article 1, Section 9 of the Tennessee Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.

The State, in addition to disputing the merits of the petitioner's claims, argues for the first time on appeal that this petition for post-conviction relief is barred by the one year statute of limitations set forth in Tenn. Code Ann. §40-30-202(a) (1997). Following a review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

2

**Factual Background**

As noted above, this case arises from the petitioner's guilty pleas to kidnapping and aggravated assault. At the guilty plea hearing, the petitioner affirmatively stated to the trial court that he had discussed his plea agreement with his attorney, and that she had explained the agreement to him. The petitioner confirmed that she had discussed with him investigations she might undertake and defenses the petitioner might raise at a trial. The petitioner further stated that he was satisfied with the representation he had received from his attorney.

In turn, the trial court explained to the petitioner that he was charged with two counts of aggravated assault, which carried possible sentences of three to fifteen years incarceration; one count of especially aggravated kidnapping, which carried a possible sentence of fifteen to sixty years incarceration; and resisting arrest, which carried a possible sentence of six months incarceration. The trial court then reviewed the proposed plea agreement with the petitioner, and the petitioner indicated that he understood the plea agreement.

The trial court explained that the petitioner's convictions could be used in the future to enhance punishment for any future offenses that the petitioner might commit. The court also explained the petitioner's right to a trial, his right to present evidence on his own behalf during a trial, his right against self-incrimination, his right to confront opposing witnesses, the State's burden of proof at trial, and the petitioner's right to appeal. The court additionally inquired if the petitioner had been threatened or offered inducements in return for his pleas of guilt. The petitioner indicated that he was pleading guilty of his own free will. The trial court accepted the petitioner's pleas and, in accordance with the plea agreement, entered judgments of conviction on April 25, 1996.

3

The Davidson County Criminal Court Clerk's Office received the instant petition for post-conviction relief on April 28, 1997. Following the appointment of counsel, the petitioner submitted several amended petitions. On November 26, 1997, the post-conviction court conducted a hearing.

At the hearing, the Petitioner presented the testimony of Marion Fordyce, the petitioner's trial attorney. Ms. Fordyce testified that, initially, the State provided her with the petitioner's criminal record, which included two prior felony theft convictions and established the petitioner's status as a Range II offender. Ms. Fordyce additionally confirmed that the State offered a plea agreement of three years incarceration. Ms. Fordyce understood that, although not a condition of the plea agreement, the petitioner would probably serve a sentence of three years in the custody of the Corrections Corporation of America. Ms. Fordyce communicated the State's plea offer of three years to the petitioner and discussed the plea offer with him and his family on numerous occasions.

Ms. Fordyce testified that, against her advice, the petitioner insisted upon returning a plea offer of six years and one day. The petitioner believed that the lengthier sentence would result in his incarceration in the Tennessee Department of Correction instead of a facility administered by the Corrections Corporation of America. He believed, contrary to Ms. Fordyce's advice, that he would be released earlier if he were incarcerated in the Department. Ms. Fordyce explained to the petitioner that, in addition to receiving a lengthier sentence, he would be sentenced as a Range II offender and receive a higher release eligibility percentage.

Ms. Fordyce further testified that, at her request, the petitioner

4

underwent a mental health evaluation. The Vanderbilt Forensics Department found the petitioner to be competent. Additionally, Ms. Fordyce testified that she had no difficulty communicating with the petitioner, although the petitioner possessed limited ability to read and write. Moreover, the petitioner appeared to experience no difficulty understanding her explanations.

Ms. Fordyce conceded that she did not discuss with the petitioner Tenn. Code. Ann. § 40-35-211(1), which statute mandates specific felony sentences of months or years when a defendant is incarcerated in the Tennessee Department of Correction. She also conceded that she did not advise the petitioner that he was entitled to notice of enhanced sentencing. Rather, Ms. Fordyce explained to the petitioner that his criminal record established his status as a Range II offender.

The Petitioner also testified at the hearing. The petitioner claimed that his attorney did not inform him of the State's plea offer of three years. He asserted that he would have accepted a three year plea offer had he known of its existence. He claimed that he was only aware of a plea offer of six years incarceration as a Range I offender. He admitted that he asked for an extra day incarceration, because he wanted to be incarcerated in the Tennessee Department of Correction in lieu of placement in the custody of the Corrections Corporation of America. He developed this strategy after conversations with his brother, who is also familiar with the criminal justice system. However, the petitioner contended that he was never advised that the addition of one day would result in a Range II sentence and increase his release eligibility percentage. Finally, he testified that, at the time of his guilty plea, he was not aware that a sentence of six years and one day was in contravention of Tenn. Code. Ann. § 40-35-211(1).

At the conclusion of the post-conviction hearing, the court indicated that it had decided all of the issues raised by the petitioner with the exception of the adequacy of the State's notice pursuant to Tenn. Code. Ann. § 40-35-202(a). Accordingly, in its final order dismissing the petition for post-conviction relief, the court found that the petitioner was provided adequate notice of enhanced sentencing when the State submitted the petitioner's criminal record to defense counsel. Moreover, the post-conviction court found that the petitioner waived in his written plea agreement any objections concerning notice of enhanced sentencing.

## Analysis

Initially, regardless of whether the petitioner filed his petition for post-conviction relief within the applicable statute of limitations, the statute of limitations does not bar the petitioner's claim that his sentences are illegal. See, e.g., State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)(a sentence imposed in direct contravention of express statutory provisions is illegal and subject to being set aside at any time); Abston v. State, No. 02C01-9807-CR-00212, 1998 WL 906475, at *1 (Tenn. Crim. App. at Jackson, December 30, 1998)(the expiration of the statute of limitations does not bar the petitioner's claim that his sentences are illegal). Moreover, the State did not raise the statute of limitations defense before the post-conviction court. This court has previously observed that the State may not raise this defense for the first time on appeal. Rickman v. State, 972 S.W.2d 687, 691 (Tenn. Crim. App. 1997). Accordingly, we will address the merits of the issues raised by the petitioner.

We first address the petitioner's contention that his sentence violated

6

Tenn. Code. Ann. § 40-35-211(1).[1]  Tenn. Code. Ann. § 40-35-211(1) provides:

> Specific sentences for a felony shall be for a term of
> *years or months or life*, if the defendant is sentenced to
> the department of correction; or a specific term of years,
> months, or days if the defendant is sentenced for a
> felony to any local jail or workhouse.  Specific sentences
> for a misdemeanor are for a specific number of months
> or days or hours or any combination thereof.

(Emphasis added).  In this case, the petitioner was convicted of kidnapping, a Class C felony, and sentenced to incarceration in the Department for six years and one day.  The petitioner contends that this sentence is illegal pursuant to Tenn. Code. Ann. § 40-35-211(1), because the statute only authorizes felony sentences in the Department for terms of years or months, not days.

The State contends that the petitioner's sentence is determinate and, therefore, legal.  Moreover, citing Hicks v. State, 945 S.W.2d 706 (Tenn. 1997), the State argues that the petitioner requested a sentence of six years and one day and knowingly and voluntarily pled guilty in return for the disputed sentence.

A basic rule of statutory construction is to examine the language of a statute and, if unambiguous, apply its ordinary and plain meaning.  Parks v. Tennessee Municipal League Risk Management Pool, 974 S.W.2d 677, 679 (Tenn. 1998).

> If the legislative intent is expressed in a manner devoid of
> contradiction and ambiguity, there is no room for
> interpretations or constructions, and courts are not at
> liberty, on consideration of policy or hardship to depart
> from the words of the statute.

State v. Levandowski, 955 S.W.2d 603, 606 (Tenn. 1997).  The language in Tenn. Code. Ann. § 40-35-211(1) is unambiguous.  Felony sentences in the Department

---

[1]The post-conviction court failed to explicitly address this and other issues in its order denying post-conviction relief.  Nevertheless, we conclude that the record of the post-conviction proceedings is adequate to effectuate a meaningful appellate review.  Rickman, 972 S.W.2d at 692.

"shall be for a term of years or months or life." See, e.g., State v. Campbell, No. 01C01-9110-CC-00286, 1992 WL 98977, at *4 (Tenn. Crim. App. at Nashville, May 13, 1992)(court affirmed, pursuant to Tenn. Code. Ann. § 40-35-211, a felony sentence of eight years and six months in the Department of Correction). Moreover, in contrast to felony sentences in the Department, felony sentences in the local workhouse or jail may be for terms of years, months, or *days.* This court has observed that "[t]he presence of words of limitation in one part of a statute indicates that the absence of such words from other parts in the same statute is an intentional legislative choice." Levandowski, 955 S.W.2d at 606. Accordingly, the imposition of a sentence of six years and one day incarceration in the Department pursuant to a felony conviction violated the plain meaning of Tenn. Code. Ann. § 40-35-211(1).

Citing Hicks, 945 S.W.2d at 706, the State nevertheless contends that the petitioner could agree, in the context of plea bargaining, to a sentence in contravention of statutory provisions. In Hicks, 945 S.W.2d at 706, a post-conviction case, the petitioner had entered a plea of guilty in return for a Range II sentence coupled with Range I release eligibility, in contravention of the Sentencing Reform Act of 1989. In upholding the petitioner's sentence, the court reiterated the principle that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id. at 709.

The court in Hicks found that the legislature implicitly adopted prior case law, which held that a defendant can waive erroneous range classification as part of a negotiated plea agreement, when it enacted the provisions of the 1989 Sentencing Reform Act that require a person to be sentenced in accordance with the statute. Id. at 709. In other words, the court held that if a sentence violates the provisions of the Sentencing Act, the petitioner's knowing and voluntary agreement

8

to the sentence precludes a finding of illegality.  See, e.g., State v. Chapman, No. 01C01-9808-CC-00354, 1998 WL 855441, at *1 (Tenn. Crim. App. at Nashville, December 11, 1998)(applying Hicks in the context of consecutive sentencing).  See also Farmer v. State, No. 01C01-9707-CR-00243, 1998 WL 276155, at **1-2 (Tenn. Crim. App. at Nashville, June 1, 1998).

Thus, we must determine whether the petitioner knowingly and voluntarily pled guilty to kidnapping and aggravated assault in return for a sentence of six years and one day.  The petitioner effectively concedes that the trial court complied with the requirements set forth in Boykin v. Alabama, 395 U.S. 238, 242-244, 89 S.Ct. 1709, 1712-1713 (1969), State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1997), and Tenn. R. Crim. P. 11.  See also State v. Neal, 810 S.W.2d 131, 135-137 (Tenn. 1991), overruled in part, Blankenship v. State, 858 S.W.2d 897, 902 (Tenn. 1993).  However, on appeal, the petitioner contends that his attorney failed to advise him concerning the State's plea offer of three years incarceration.

On appeal, the burden is upon the petitioner to demonstrate that the evidence adduced at the post-conviction hearing preponderates against the judgment entered.  Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1997), cert. denied, __ U.S. __, 118 S.Ct. 2067 (1998).  Additionally, in reviewing post-conviction proceedings,

> [t]his court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court.  Moreover, questions concerning the credibility of witnesses and weight and value to be given their testimony are for resolution by the post-conviction court.

Id. (citation omitted).  In dismissing the petition for post-conviction relief, the post-conviction court clearly accredited the testimony of petitioner's trial counsel that she informed the petitioner about the State's three year plea offer and discussed the

plea offer with both the petitioner and members of his family on numerous occasions. Upon reviewing the record, we agree with the post-conviction court's implicit finding that the petitioner's guilty pleas "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970).

Our supreme court in State v. Pettus, No. 01S01-9709-CC-00202, 1999 WL 25544, at *2 (Tenn. at Nashville, January 25, 1999)(pending publication at 986 S.W.2d 540), recently observed:

> [I]t is commonly known that the plea-bargain process involves a certain amount of "give and take" so as to reach a resolution that is acceptable to both the State and the defendant. ... [Therefore,] we have upheld plea-bargain agreements and resultant sentences in cases where the defendant has accepted a sentence in a range higher than called for by the indicted offense.

In this case, the petitioner attempted to manipulate the criminal justice system, apparently relying upon the advice of his brother. Ignoring the advice of his attorney, he therefore insisted upon a lengthier sentence, and the State was more than happy to accommodate him. In the absence of any evidence that the petitioner was incompetent to enter guilty pleas, this court will not grant relief from a knowing and voluntary plea merely because the petitioner applied his knowledge foolishly.

With respect to the lack of notice of enhanced punishment pursuant to Tenn. Code. Ann. § 40-35-202(a), we again note that questions concerning the range classification of a defendant may be waived by a knowing and voluntary guilty plea. Hicks, 945 S.W.2d at 709. The record supports the trial court's findings that the petitioner waived notice of enhanced punishment pursuant to Tenn. Code. Ann. § 40-35-202(a). Moreover, this court has previously affirmed a plea agreement

10

resulting in a Range II sentence despite the absence of notice of enhanced punishment when the defendant and his attorney were aware of the State's intent to seek enhanced punishment, the defendant and his attorney were provided copies of the defendant's criminal record, and plea negotiations were conducted in the context of enhanced punishment. Crump v. State, 672 S.W.2d 226, 227 (Tenn. Crim. App. 1984). See also State v. Nichols, No. 03C01-9108-CR-00236, 1995 WL 755957, at **6-7 (Tenn. Crim. App. at Knoxville, December 19, 1995)(giving a defendant *actual* notice of the State's intent to seek enhanced punishment is sufficient). This issue is also without merit.

The petitioner next contends that his attorney provided ineffective assistance in arranging a plea agreement of six years and one day despite a prior offer of three years. The petitioner must establish that his attorney's performance was below the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-697, 104 S.Ct. 2052, 2064-2069 (1984). See also Powers v. State, 942 S.W.2d 551, 557 (Tenn. Code. Ann. 1996). In order to establish prejudice with respect to the entry of a guilty plea, a petitioner must establish a reasonable probability that, but for his attorney's deficient performance, he would not have entered the plea and would have proceeded to trial. Bates, 973 S.W.2d at 631.

The petitioner has failed to carry his burden on appeal. Once again, the record of the post-conviction proceedings clearly reflects that the post-conviction court accredited the testimony of the petitioner's trial attorney. Ms. Fordyce testified that she advised her client to accept the State's plea offer of three years and strongly advised the petitioner against requesting a sentence of six years and one

11

day.

Finally, with respect to the petitioner's contention that his attorney possessed a conflict of interest resulting in ineffective assistance of counsel, we reject the petitioner's argument that his refusal to follow his attorney's advice constituted a conflict of interest. A defendant's right to the effective assistance of counsel does encompass the right to an attorney "unfettered by a conflicting interest." State v. Thompson, 768 S.W.2d 239, 245 (Tenn. 1989). However, in order to successfully assert a claim of ineffective assistance on the basis of a conflict of interest, a defendant who entered a guilty plea must establish that there was an actual conflict of interest and the conflict adversely affected the voluntary and knowing nature of the guilty plea. Kirby v. State, No. 03C01-9303-CR-00074, 1994 WL 525086, at **3-4 (Tenn. Crim. App. at Knoxville, September 28, 1994). The petitioner has failed to demonstrate an actual conflict of interest, and the record reflects the petitioner's knowing and voluntary entry of guilty pleas.

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE


_____
JOHN H. PEAY, JUDGE


_____
JOSEPH M. TIPTON, JUDGE

12