IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2010

# DONALD M. MERRIWEATHER v. LUTHER SMITH, JR.

**An Appeal from the Circuit Court for Shelby County**
**No. CT-003147-07     Lorrie K. Ridder, Judge**

_____

**No. W2009-02656-COA-R3-CV - Filed December 2, 2010**

_____

This is a personal injury action based on intentional assault. The plaintiff threw a beer bottle at the defendant, but missed him. As the plaintiff was walking away, the defendant hit the plaintiff on the back of the head with a beer bottle, causing a head injury. The plaintiff then sued the defendant. After a bench trial, the trial court held in favor of the plaintiff. The defendant now appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Luther Smith, Jr., Memphis, Tennessee, Defendant/Appellant, *Pro Se*

Ellen Fite, Memphis, Tennessee, for the Plaintiff/Appellee, Donald M. Merriweather

## OPINION

### FACTS AND PROCEEDINGS BELOW

Defendant/Appellant Luther Smith ("Smith") owns a rental house on North Dunlap in Memphis, Tennessee. The house has ten bedrooms, and they are rented to different tenants on a weekly basis.

Plaintiff/Appellee Donald M. Merriweather ("Merriweather") is a carpenter by trade. Sometime in 2006, Merriweather rented a room from Smith in the house on Dunlap. The first week's rent was paid by a contractor. After that, Merriweather and Smith entered into an arrangement whereby Merriweather would be permitted to stay in the house rent-free, and

in exchange Merriweather would repair and replace twelve windows in the house. This arrangement was to last for as long as it took for Merriweather to replace the twelve windows.

While Merriweather was staying at the Dunlap house, but before the window work was completed, Smith accused Merriweather of stealing wood from his property. Consequently, Smith forced Merriweather to leave the property and told him not to come back for any reason. Smith has a no-trespassing sign posted on the Dunlap property.

On August 26, 2006, Merriweather returned to the Dunlap property, ostensibly to retrieve personal belongings left there when Smith forced him to move. While he was standing on the porch talking with some residents, Smith arrived on the scene. After a verbal confrontation, Merriweather threw a beer bottle at Smith, but missed him. As Merriweather walked past Smith and toward the gate to leave, Smith hit Merriweather on the back of the head with a beer bottle, injuring his head. Merriweather was transported by ambulance to a hospital and treated in the emergency room. A CAT scan of his head was ordered, and a laceration was repaired. Merriweather incurred medical bills related to his head injury in the amount of $3,799.

On March 28, 2007, Merriweather filed a lawsuit against Smith in the Shelby County General Sessions Court, asserting intentional assault. Merriweather prevailed in the general sessions court and was awarded a judgment of $24,999. Smith appealed to the Shelby County Circuit Court for a trial *de novo*, pursuant to Tennessee Code Annotated § 27-5-108.[1]

On November 3, 2009, the Circuit Court conducted a bench trial on the matter.[2] The trial court heard testimony from both parties and other witnesses.[3]

Merriweather apparently called Smith to testify first. Smith testified that, prior to the incident in question, Merriweather had already retrieved his belongings and did not have permission to return to the property for any reason. Smith said that, when he arrived at the Dunlap house on the day of the incident, Merriweather was on the porch drinking with seven or eight residents of the house. Beer bottles were scattered across the area in front of the porch. When Smith told Merriweather to leave, Merriweather responded, "I am on your

---

[1]Although Smith filed his appeal as an indigent, the trial court granted Merriweather's motion to depauperize Smith based on the income Smith receives from rental properties.

[2]Both parties were represented by counsel in the trial court.

[3]The appellate record does not include a trial transcript, but it does include a statement of the evidence.

porch, not in your house." When Smith opened the front gate to enter the yard, Merriweather came off the porch and threw a partially filled forty-ounce beer bottle at him. The bottle did not hit Smith, but instead skidded across the ground without breaking. Smith testified that Merriweather then passed him as he was headed out of the open front gate. As Merriweather passed, Smith hit him on the back of the head with a small beer bottle. Smith claimed that, at the time, he believed that Merriweather was about to attack him. Smith admitted, however, that Merriweather has no propensity for violence, and Smith had never known him to be violent.

Smith called two witnesses on his behalf. David Norwood ("Norwood") testified that, at the time of the incident, he was on the porch with four or five other men. Norwood said that it was his understanding that Merriweather was not supposed to be at the house. Norwood observed Merriweather "cussing" Smith, and then saw Merriweather throw a beer bottle at Smith. He said that the beer bottle missed Smith, hit the concrete, and skidded off towards a flower bed. Then, as Merriweather was on his way out of the front gate, Smith hit him with a bottle. Another witness, Mike Brim, testified that Merriweather did construction work for him in November and December of 2006. Brim said that Merriweather did not complain of headaches at that time.

Merriweather testified on his own behalf. Prior to the incident, Merriweather said, he called Smith and asked Smith to meet him at the Dunlap property so that Merriweather could retrieve his belongings. Merriweather then went to the property and waited for Smith for forty-five minutes. When Smith arrived, Merriweather testified, Smith hit Merriweather on the head with a beer bottle. Merriweather, knocked to the ground, almost unconscious and bleeding, got up and walked to a local restaurant, where an ambulance was called. In his testimony, Merriweather claimed that he continued to suffer from headaches on one side of his head; he attributed the headaches to the injury inflicted by Smith. In response to the testimony by David Norwood and Mike Brim, Merriweather testified that he had never seen Norwood before, and that he had never worked for Brim. That concluded the trial testimony.

On November 12, 2009, the trial court entered an order finding in favor of Merriweather. The trial court commented that neither party was particularly credible, but it found that Smith's version of events was "slightly more credible than Merriweather's version, as Merriweather offered no credible reason for the altercation." However, the trial court did not credit Smith's assertion that he was afraid Merriweather was about to attack him, because, at the time Smith hit Merriweather, Merriweather no longer had anything in his hands and Merriweather was passing by Smith to leave the property. The trial court also noted that the location of Merriweather's head wound indicated that Merriweather's back was to Smith at the time Smith hit him. The trial court also relied on Smith's acknowledgement that Merriweather did not have a propensity for violence.

For these reasons, the trial court held in favor of Merriweather and awarded him $3,799 in medical expenses and $16,000 in compensatory damages. From this order, Smith now appeals, *pro se*.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Smith argues that the preponderance of the evidence weighs against the trial court's decision, because the evidence showed that he was acting in self defense when he hit Merriweather, and that his conduct was based on a reasonable fear that Merriweather intended to cause him bodily harm. Smith further argues that Merriweather should be denied any recovery because Merriweather lied to the trial court about the incident in question, "cajoled" Norwood into "keeping quiet" about what he witnessed, and concealed the fact that he and Norwood conspired against Smith at trial.[4] Finally, Smith argues that the judgment against him is excessive because, among other things, it is based on fraud, *i.e.*, the untruthful testimony of Merriweather regarding his ability to work.

Because this was a bench trial, we review the trial court's findings of fact *de novo* on the record, presuming those findings to be correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). We review questions of law *de novo*, without such a presumption of correctness. ***See State v. Levandowski***, 955 S.W.2d 603, 604 (Tenn. 1997).

## ANALYSIS

We first address Smith's argument that the preponderance of the evidence shows that he established a defense to Merriweather's claim of assault, namely, that he had a reasonable fear of bodily harm. He relies on established law that "[s]elf-defense is a complete defense to civil liability for assault and battery." ***Dent v. Holt***, No. 01A01-9302-CV-00072, 1994 WL 503891, at *1 (Tenn. Ct. App. Sept. 16, 1994) (order on rehearing).

From our review of the evidence at trial as set forth in the statement of the evidence, Smith testified that Merriweather threw a beer bottle at him when he arrived at the Dunlap house, and that Merriweather then "headed out of the open gate when [Smith] hit Merriweather on the head with a small beer bottle." Smith asserted that he "felt like Merriweather was going to attack him," and the evidence shows that Merriweather threw a beer bottle at Smith and missed him, thus initiating the physical aspect of the altercation. However, it is undisputed that Merriweather's injury was on the back of his head, and the trial court reasonably inferred from this that Merriweather was walking away from Smith when Merriweather was struck.

---

[4]Although Norwood was called to testify by Smith, Smith was apparently dissatisfied with Norwood's testimony.

Under these circumstances, we agree with the trial court that the evidence does not support Smith's assertion that he acted out of fear for his person or in protection of his property. Therefore, we must reject Smith's argument that the evidence preponderates against the trial court's finding on this point.

Smith next argues that the judgment against him must be reversed because Merriweather committed fraud on the trial court in connection with his testimony and in his collaboration with Norwood. Smith does not cite to any evidence of such allegations in the record, and the record does not reflect that this argument was raised in the trial court. This Court will not consider issues or claims raised for the first time on appeal. *See Crossley Constr. Corp. v. Nat. Fire Ins. Co. of Hartford*, 237 S.W.3d 652, 656 (Tenn. Ct. App. 2007). Therefore, we must conclude that this issue is waived on appeal.

Smith also argues that the damages awarded to Merriweather were excessive. He asserts that the trial court's decision was based on Merriweather's testimony about his earnings prior to the injury, and that Merriweather was not truthful in his testimony. Smith contends that the excessive judgment violates his rights under the Eighth Amendment to the United States Constitution, prohibiting excessive fines and cruel and unusual punishment.

Smith's first argument is essentially that the trial court erred in crediting Merriweather's testimony regarding his previous earnings and his ability to work after his injury. We note that the statement of the evidence in the appellate record does not include the testimony on which the award of damages was based, but we must infer from the record that the trial court credited Merriweather's testimony on his damages. This Court will not reevaluate a trial court's credibility determinations absent clear and convincing evidence to the contrary. *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). The record in this case contains no evidence contrary to Merriweather's claimed damages. Under these circumstances, there is no basis in the record for a reversal of the trial court's decision on this point.

Smith's argument based on the Eighth Amendment to the United States Constitution must be rejected because there is no indication that it was raised in the first instance in the trial court. As we have stated, the appellate court will not consider issues raised for the first time on appeal. *See Crossley Constr. Corp.*, 237 S.W.3d at 656. For these reasons, the decision of the trial court must be affirmed.

**CONCLUSION**

The decision of the trial court is affirmed.  Costs on appeal are to be taxed to Appellant Luther Smith, Jr., and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE