PATROSSO, J.
 

 The defendant was charged and convicted of violating section 52.50 of the Los Angeles Municipal Code, which reads as follows: “No person shall wilfully make to the Police Department of this City any false, misleading or unfounded report, for the purpose of interfering with the operation of the Police Department or with the intention of misleading any police officer.”
 

 The evidence is that the defendant, with others accused and convicted with him, at the scene of an automobile accident, made false statements in response to inquiries addressed to them by the investigating officers, as to the identity of the driver of one of the cars involved in the accident. Upon this appeal defendant contends that such evidence is insufficient to establish a violation of the section in question.
 

 Neither the research of counsel nor our own has brought to light any authority wherein a similar enactment was considered, and we are therefore confined to an examination and consideration of the language of the ordinance in determining its scope and meaning. Upon behalf of the defendant, it is urged that the word “report” imports something more and different from a false or misleading answer to an inquiry by a police officer although such inquiry may be one made by a police officer in the discharge of his duty in an endeavor to ascertain the identity of one suspected of having been involved in a criminal offense. The People do not undertake to make direct answer to this contention, but content them
 
 *891
 
 selves by relying upon the familiar rule that a statute or ordinance is presumptively valid, and if there is a rational doubt as to its validity, its constitutionality must be upheld.
 

 In our view the problem presented is not whether the ordinance is constitutional but rather whether or not, properly construed, it denounces as unlawful conduct such as that disclosed by the evidence here.
 

 While not entirely free from doubt, we have concluded that if it had been the intent of the city council to proscribe conduct such as that disclosed by the evidence here, it would have used language substantially different from that which it did. It seems reasonable that in such circumstances it would have provided that it should be unlawful for any person to willfully make a false statement to a police officer for the purpose stated—rather than using the word “report,” which in its context, at least, seems to connote a statement written or oral made upon the initiative of one who resorts to the police department or a member thereof for the specific purpose of having some action taken with respect thereto rather than by way of response to questions by an officer—such as a missing person report or a report that a particular crime has been committed, like loss of his property as a result of robbery or burglary, or an auto accident. Otherwise, every person who undertook to reply to a question put to him by a police officer would subject himself to the possibility of being charged with a misdemeanor under the section, the not unlikely result of which would be to discourage persons interrogated to make answer, with the result that the detection of crime would be made more difficult rather than facilitated.
 

 In any event, we believe that the instant case calls for the application of the well settled rule that “When language which is reasonably susceptible of two constructions is used in a penal law, ordinarily that construction which is more favorable to the offender will be adopted.”
 
 (People
 
 v.
 
 Smith
 
 (1955),
 
 44
 
 Cal.2d _, _ [279 P.2d 33].) And as is further said in the ease last cited: “The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute.”
 

 The judgment is reversed.
 

 Bishop, Acting P. J., and Swain, J., concurred.