908 P.2d 578

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Dean BRANDSTETTER, Defendant–Respondent.**

No. 21084.

Court of Appeals of Idaho.

Dec. 18, 1995.

Alan G. Lance, Attorney General; Thomas P. Watkins, Deputy Attorney General, argued, Boise, for appellant.

Racine, Olson, Nye, Cooper and Budge, Pocatello, for respondent. Gary L. Cooper argued.

WALTERS, Chief Judge.

Dean Brandstetter was indicted by a grand jury for the misdemeanor offense of resisting, delaying or obstructing a public officer. I.C. § 18–705. The district court granted Brandstetter's motion to dismiss the indictment, and the State appealed. For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Dean Brandstetter, an attorney, was retained to represent an individual charged with possession of a controlled substance with intent to deliver. During this time, law enforcement officials were conducting a criminal investigation of Brandstetter's client believing that the client was also involved in a money laundering scheme. As a result of the investigation, officials learned that a safe belonging to this client had been delivered to Brandstetter's law firm. They also learned that an authorized third person accessed the safe, allegedly with Brandstetter's assistance, and paid Brandstetter a $3,000 retainer. The retainer, police believed, was part of a large sum of laundered money taken from the safe.

Pursuant to a warrant, a search was made of the law offices where Brandstetter conducted his legal practice. During the search, law enforcement officials explained to members of the law firm, including Brandstetter, the purpose of the search, the general nature of the criminal investigation, and that there were questions about the transactions which had allegedly taken place in Brandstetter's office. These officials asked Brandstetter questions regarding the safe and its location. In response, Brandstetter said: "If [the informant] told you that there was another safe [other than the law firm's safe] in this office, that is ... bullshit."

Brandstetter was interviewed by the police concerning the whereabouts of the safe. Brandstetter claimed that the safe was never present in the law offices. A few hours later, the safe was recovered by police in the alley next to Brandstetter's law firm. A grand jury indicted Brandstetter pursuant to I.C. § 18–705 for obstructing an officer. Brandstetter pled not guilty and filed a motion to set aside the indictment. The motion was granted by the district court, and the State appeals from the order of dismissal.

## DISCUSSION

The State filed an indictment against Brandstetter claiming that he wilfully obstructed a police officer by knowingly making a false statement to the officer during a criminal investigation in violation of I.C. § 18–705. The State further argued that the statement obstructed the criminal investigation by impeding recovery of the safe.

On appeal, the State asserts that the district court improperly dismissed the indictment against Brandstetter. The court provided the following reasons for its decision: (1) the allegedly false information given to the police officer was a type of "passive noncooperation" which the legislature did not intend to criminalize; (2) the statement was an "exculpatory no" statement made in response to a criminal investigation which placed Brandstetter outside the scope of I.C. § 18–705; (3) the statement was nonthreatening speech which is insufficient to support an obstruction charge; and (4) Brandstetter's speech only misdirected the officers as to his own possible criminal involvement.

■ At the outset, the parties do not agree on the standard of review. The State argues that the appeal presents only a question of law because the district court, in ruling on the motion to dismiss, assumed: (1) that no other issues as to the elements of the crime existed, and (2) that Brandstetter made the false statement to the police who were engaged in the discharge or attempted discharge of their duties. The State, therefore, asserts that the standard of review on appeal is one of free review. Brandstetter, however, claims that the appeal presents

mixed questions of both law and fact because the district court made factual findings before reaching its decision. Brandstetter asserts that these factual findings include the words attributed to Brandstetter which formed the basis of the charge contained in the indictment. He argues that the standard of review should be for this Court to defer to facts found upon substantial evidence, but to freely review the lower court's application of law to the facts found.

■ Brandstetter is asserting that the district court was the finder of fact, not the grand jury. We disagree. Whether a defendant's action or actions would delay or obstruct an officer in discharging official duties is a question of fact to be determined by the jury. *State v. Bowman,* 124 Idaho 936, 944, 866 P.2d 193, 201 (Ct.App.1993). In considering a motion to dismiss an indictment under I.C.R. 6.6 [1] and I.C. § 19–1107,[2] the district court sits as a reviewing court, and it is the grand jury that is the factfinder. In a grand jury proceeding, the district court may set aside the indictment if, given the evidence before the grand jury, the court concludes that the probable cause is insufficient to lead a reasonable person to believe that the accused committed the crime. I.C.R. 6.6(a); *State v. Jones,* 125 Idaho 477, 482–83, 873 P.2d 122, 127–28 (1994). In the course of that determination, every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment. *See State v. Williams,* 855 P.2d 1337, 1346 (Alaska App.1993) (challenges to sufficiency of evidence before grand jury); *People v. Pic'l,* 31 Cal.3d 731, 183 Cal.Rptr. 685, 688–89, 646 P.2d 847, 850 (1982). For purposes of ruling on the motion to dismiss, we will therefore assume, as did the district court, that Brandstetter knowingly made a false statement to the police during the investigation, and that the police were engaged in the discharge or attempted discharge of their official duties at the time. Consequently, this Court agrees with the State that the question presented before us is a question of law. As such, we apply the standard of free review. *State v. Hale,* 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct.App.1989); *State v. Lee,* 116 Idaho 515, 516, 777 P.2d 737, 738 (Ct.App.1989).

■ Whether Brandstetter's false statement to law enforcement officials during the investigation is the type of speech I.C. § 18–705 seeks to prevent is one of first impression in this state. Idaho Code § 18–705 provides as follows:

> **Resisting and obstructing officers.—** Every person who wilfully resists, delays or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office or who knowingly gives a false report to any peace officer, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars ($1,000), and imprisonment in the county jail not exceeding one (1) year.

Although this statute prohibits giving "a false report" to a peace officer, as well as conduct that resists, delays, or obstructs an officer, the district court held that the Brandstetter indictment did not charge a violation under the false report provision of I.C. § 18–705. The district court stated:

> Idaho Code § 18–705, by "general language," includes an offense of "obstructing an officer." It also includes the explicit crime of obstructing an officer by knowingly giving a false report.

. . . . .

The context and use of the phrase "knowingly gives a false report" in I.C.

---

1. Idaho Criminal Rule 6.6 provides in pertinent part that:

> **Indictment.—**(a) Sufficiency of Evidence to Warrant Indictment. If it appears to the grand jury after evidence has been presented to it that an offense has been committed and that there is probable cause to believe that the accused committed it, the jury ought to find an indictment. Probable cause exists when the grand jury has before it such evidence as would lead a reasonable person to believe an offense has been committed and that the accused party has probably committed the offense.

2. Idaho Code § 19–1107 provides:

> **Sufficiency of evidence to warrant indictment.—**The grand jury ought to find an indictment when all the evidence before them, taken together, if unexplained or uncontradicted, would, in their judgment, warrant a conviction by a trial jury.

§ 18–705 would lead the court to the same conclusion as that found by the court in *People v. Smith*, cited at [131 Cal.App.2d Supp. 889] 281 P.2d 103 (Cal.App.1955). In *Smith* the court ruled that the word "report" when used in the context of an obstruction ordinance seemed to "connote a statement written or oral made upon the initiative of one who resorts to the police department or a member thereof for the specific purpose of having some action taken with respect thereto rather than by way of response to the question of an officer." *Id.* at 281 P.2d at 104.

The clear language of the indictment charges the defendant with obstruction by making *a false statement.* Based upon this language and the rationale of the *Smith* case it is the conclusion of the court that the state has not pled a charge of obstructing an officer by false report. Therefore if the indictment charges a criminal violation it must be found under the general language of the statute in regard to persons who willfully obstruct a public officer. [Footnotes omitted.]

The State does not challenge this holding on appeal, but instead argues that Brandstetter's giving the false statement in response to the officers' inquiry constitutes "obstructing" an officer.[3] Thus, the question on appeal is whether under the particular facts of this case the nonthreatening false statement, not made under oath, falls within the purview of the § 18–705 prohibition against obstructing an officer.

Here, we believe it is doubtful that Brandstetter can be said to have hampered police officials in the exercise of their duties by falsely responding to a question which he was not legally obligated to answer. His deliberate falsification was no more obstructive than would have been his silence. Because Brandstetter could have remained silent when questioned by the law enforcement officials, his unsworn oral misstatement cannot be said to have increased the officers' burden, on the facts presented here. We, therefore, find that Brandstetter's making of an unsworn false oral statement to the police was not an obstruction of an officer within the meaning of I.C. § 18–705. Because we conclude that this type of speech did not violate I.C. § 18–705, we do not reach arguments presented by the parties based on the district court's additional reasons for its decision.

We hold that the district court did not err in granting the motion to dismiss the indictment.

### CONCLUSION

The district court's order dismissing the indictment is affirmed.

LANSING and PERRY, JJ., concur.

---

**3.** The charging language of the indictment alleges only that Brandstetter "did willfully obstruct a public officer, to-wit Special Agent Mark Den-hardt, by knowingly making a false statement to said officer." It nowhere alleges that Brandstetter "made a false report."