IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41510

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 329 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 29, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALFREDO CABRERA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying defendant's motion to suppress, <u>reversed</u>; judgment of conviction and sentence for possession of a controlled substance, <u>vacated</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Alfredo Cabrera appeals from the district court's order denying his motion to suppress. He asserts that his arrest for obstructing a peace officer was unlawful because the statement upon which his arrest was premised did not actually constitute obstruction under the statute. We reverse.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A patrol deputy for the Twin Falls County Sheriff's Office was asked to make contact with Alejandro Gordobea to request that he cease sending threatening text messages to a third party. Upon arriving at the dairy where Gordobea was reported to work, the deputy encountered two men, told them why he was there, and asked if either of them knew Gordobea. Both men denied knowing Gordobea and, after further questioning, stated that they believed he lived in the apartments on the dairy.

1

After the deputy was unable to locate Gordobea in the apartments, he spoke with the dairy foreperson, who told him that Gordobea should be working in the milk barn and described Gordobea, which matched one of the men with whom the deputy initially made contact. The deputy returned to the milk barn with the foreperson, and the foreperson saw Gordobea running away from the milk barn. However, Cabrera was still there, although he, too, was leaving the milk barn. After initially attempting to evade contact with the deputy, Cabrera spoke with the deputy and admitted that he was good friends with Gordobea. Cabrera later admitted that both he and Gordobea lived in the apartments on the dairy, and that they lied because they were afraid Gordobea was in trouble and might be arrested. The deputy then arrested Cabrera for obstructing a peace officer. Upon searching Cabrera incident to his arrest, the deputy found a clear glass pipe with methamphetamine residue in Cabrera's jacket pocket.

The State charged Cabrera with possession of methamphetamine, possession of drug paraphernalia, and resisting and obstructing an officer.[1] Cabrera filed a motion to suppress the evidence found during the search, arguing that the arrest was unlawful. After conducting an evidentiary hearing, the district court denied the motion finding that Cabrera's false statement to the deputy constituted obstruction under Idaho Code § 18-705; therefore, his arrest and subsequent search were lawful.[2] Cabrera entered a conditional guilty plea, preserving his right to appeal the denial of his motion to suppress. The district court imposed a unified six-year sentence, with two years determinate, but suspended the sentence and placed Cabrera on probation. Cabrera timely appeals.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

---

[1]     The State subsequently dismissed the charges for possession of paraphernalia and resisting and obstructing an officer.

[2]     The district court rejected the State's alternative argument--that I.C. § 18-5413(2), which criminalizes knowingly giving false information to an officer who is investigating the commission of a crime, justified Cabrera's arrest--because the district court determined that the deputy was not investigating an offense when Cabrera made his false statement. The State does not contest this determination.

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment prohibits unreasonable searches and seizures. A warrantless search is presumptively unreasonable unless it falls within an exception to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a lawful arrest constitutes one such exception. *Riley v. California*, __ U.S. ____, ____, 134 S. Ct. 2473, 2482 (2014); *see also United States v. Robinson*, 414 U.S. 218, 235 (1973); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). Searches incident to arrest are allowed because the arresting officer needs to remove any weapons that the arrestee may have, and search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. *State v. Smith*, 120 Idaho 77, 81, 813 P.2d 888, 892 (1991).

Cabrera contends that his arrest for obstructing a peace officer and subsequent search was unlawful because the statement upon which his arrest was premised did not fall within the purview of the I.C. § 18-705 prohibition against obstructing an officer. Idaho Code § 18-705 provides:

> Every person who wilfully resists, delays or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office or who knowingly gives a false report to any peace officer, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars ($1,000), and imprisonment in the county jail not exceeding one (1) year.

Thus, the statute prohibits conduct that resists, delays, or obstructs an officer, as well as giving a false report to a peace officer.

Three elements must be satisfied in order to find a violation of the statute: "(1) the person who was resisted, delayed or obstructed was a law enforcement officer; (2) the defendant knew that the person was an officer; and (3) the defendant also knew at the time of the resistance that the officer was attempting to perform some official act or duty." *State v. Bishop*, 146 Idaho 804, 816, 203 P.3d 1203, 1215 (2009); *State v. Adams*, 138 Idaho 624, 629, 67 P.3d 103, 108 (Ct. App. 2003). Here, there is no dispute that the deputy was a law enforcement officer and that

Cabrera was aware of this fact or that the deputy was attempting to perform some official act or duty. Rather, Cabrera contends that his statement did not obstruct the officer as required by the first element. Cabrera asserts two different bases in support of his argument.

First, Cabrera asserts that his false statement does not constitute a false report to establish criminal liability under the statute. In support of his argument, Cabrera points to *State v. Brandstetter*, 127 Idaho 885, 908 P.2d 578 (Ct. App. 1995). In that case, officers executed a search warrant on Brandstetter's law firm to locate a safe potentially related to a money laundering investigation. During that search, the officers asked Brandstetter about the safe and its location; in response, Brandstetter denied knowledge of the safe and its location. The officers ultimately discovered the safe in an alley behind the law firm, and Brandstetter was charged with obstructing an officer based on his false statements to the officers. The district court determined that a false report in the context of I.C. § 18-705 required affirmative action in approaching law enforcement for the specific purpose of having some action taken, as opposed to answering questions posed by an officer. Therefore, the district court ruled that Brandstetter could not be guilty of giving a false report, even though he made a false statement to the officers, because his statement was made in response to police questioning. In construing the indictment as alleging a false responsive statement that resulted in obstruction, the district court dismissed the indictment against Brandstetter, finding no obstruction.[3] On appeal, the State did not challenge the district court's reasoning. Thus, rather than determining whether Brandstetter's false statement constituted a false report, the issue before this Court was whether his false statement, not made under oath, constituted obstruction under I.C. § 18-705. In the present case, the State does not claim Cabrera made a false report under the statute.

Accordingly, Cabrera also asserts that his false statement was no more obstructive than would have been his silence, and thus, his false statement does not amount to obstruction within the statute. In *Brandstetter*, this Court engaged in a factual analysis to determine if Brandstetter's false statement increased the officers' burden, ultimately concluding that "because Brandstetter could have remained silent when questioned by law enforcement officials, his unsworn oral misstatement cannot be said to have increased the officers' burden." *Brandstetter*,

---

[3] The charging language of the indictment alleged that Brandstetter made a false statement, but did not allege that he made a false report. Here, there is no charging document in the record against Cabrera for obstructing a peace officer.

4

127 Idaho at 888, 908 P.2d at 581. The *Brandstetter* Court did not go into factual detail as to what might increase an officer's burden, but simply held that where a false statement is no more obstructive than remaining silent would have been; there is no increase in the officers' burden. Thus, regardless of whether Brandstetter remained silent or gave a false statement, the officers would have had to execute the search warrant to locate the safe. It could be argued that had he answered truthfully, the officers would not have had to conduct the search; however, the *Brandstetter* Court did not go that far in its holding, but rather determined there to be no increase in the officers' burden based on the facts presented. Accordingly, Brandstetter's unsworn false statement to the police was not obstruction within the meaning of I.C. § 18-705.

In response to Cabrera's argument that *Brandstetter* dictates the result in this case, the State argues that statements that affirmatively misdirect law enforcement in performing their duties could be obstructive. The State argues that "Cabrera did not simply deny knowing Gordobea or his location. Instead, he expressly misdirected the officer away from the individual he was looking for and suggested he go look for Gordobea in apartments located on the dairy." The State's argument is not supported by the record. At the suppression hearing, the deputy testified:

> I asked them if they knew an Alejandro [Gordobea] who was working at the dairy, because I needed to talk to him. . . . At first they both stated that they did not. And then after a little bit more questioning, they said that they believed that he lived in the apartments on the dairy.

The deputy later testified:

> Well, at first they both stated that they didn't know [Gordobea]; and then, like I said, after asking them again, they said that they believed he lived--Mr. Cabrera said that he believes that he lives in the apartments on the dairy. . . . I talked to him for a short period and then went to those apartments to see if I could locate [Gordobea].

The deputy's testimony does not support the State's assertion that Cabrera "suggested he go look for Gordobea in apartments located on the dairy," but reveals that Cabrera simply told the officer where Gordobea lives. There is no context in the record as to how Cabrera's statement was elicited other than his statement was in response to "a little bit more questioning."

Further, to the extent that Cabrera's statement that Gordobea lived in the apartments on the dairy provided the basis for his arrest, there was no falsity. Because the deputy arrested

5

Cabrera for obstructing a peace officer on the basis that Cabrera lied to him, Cabrera's truthful statement as to Gordobea's residence cannot form the basis for his arrest.[4] Therefore, there is no factual support for the State's assertion that Cabrera affirmatively misdirected the deputy.

Similar to the false statement in *Brandstetter*, based on Cabrera's false statement that he did not know Gordobea, the deputy had to continue searching for Gordobea on the dairy farm. The deputy would have continued his search had Cabrera remained silent. Like Brandstetter, Cabrera had no affirmative obligation to answer the deputy's questions, and thus he did not increase the deputy's burden. While it is true that had Cabrera told the truth, the deputy would not have had to continue looking for Gordobea; Cabrera had no obligation to short-circuit the deputy's time and effort. *See Brandstetter*, 127 Idaho at 888, 908 P.2d at 581. We can determine no basis to distinguish this case from *Brandstetter*.[5] Therefore, because Cabrera's statement was no more obstructing than his silence would have been, his arrest was unlawful, and the warrantless search incident to his arrest was unreasonable. The district court erred in denying Cabrera's motion to suppress.

### III.

### CONCLUSION

We reverse the district court's order denying Cabrera's motion to suppress. Accordingly, the district court's judgment of conviction for possession of a controlled substance is vacated.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**

---

[4]     We express no opinion as to whether, under different circumstances, a true statement could fall within the purview of the I.C. § 18-705 prohibition against obstructing an officer.

[5]     The district court distinguished *Brandstetter* on the ground that Brandstetter was a target of an investigation and thus protected by the Fifth Amendment, whereas Cabrera was not. The State does not argue in support of that determination and we see no such distinction.