**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49124**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 17, 2023** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KYLE JAMES DALLAS WALKER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, Senior District Judge.

Judgment of conviction for rape, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Kyle James Dallas Walker was found guilty of rape. Idaho Code § 18-6101(2). Walker appeals from the judgment arguing the district court violated: (1) his confrontation rights; (2) his right to present his defense; and (3) his right to the assistance of counsel. All three arguments are based on Walker's assertion that the district court erred by instructing the jury not to consider that S.K., the victim, was not charged with a crime for false statements to police and by instructing defense counsel not to argue this in closing argument. For the reasons detailed below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police were dispatched to S.K.'s home in response to an unrelated 911 call. The responding deputy asked S.K., a minor child, about her pregnancy. S.K. told the deputy that Walker is the

1

father of her child. Walker was investigated for a possible sex offense and later charged with rape pursuant to I.C. § 18-6101(2).

S.K. testified at trial that she met and began a sexual relationship with Walker when she was sixteen and Walker was twenty. She became pregnant two months into the relationship and believes Walker is the father because she was not sexually active with anyone else. Walker knew how old S.K. was during the relationship.

S.K. also testified that after she initially disclosed to the deputy that Walker is the father, she later sent a text to the deputy stating that Walker was not the father, denying she ever had sex with Walker, and asking for the investigation to be dropped. S.K. further testified she made these untrue statements to the deputy to keep Walker out of trouble, although she was aware that the deputy was a law enforcement officer investigating the case and that legal consequences could result from these false statements. S.K. testified that despite her inconsistent statements, she truthfully told the jury she had a sexual relationship with Walker during the time specified.

On cross-examination, defense counsel asked S.K. if she had been prosecuted for false statements to the police. The State objected. The district court sustained the State's objection and ruled that while the inconsistent statements were relevant, the implication and inference that S.K. committed a crime was not relevant and, alternatively, that the inreference was unfairly prejudicial to the State. The district court instructed the jury "not to consider any inference or speculation in the cross-examination of [S.K.] that she may have committed a crime." The district court also instructed defense counsel not to assert in closing argument that S.K. had committed an uncharged crime.

The jury found Walker guilty of rape. Walker timely appealed from the district court's judgment of conviction.

## II.

## STANDARD OF REVIEW

We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). A trial court's determination under Idaho Rule of Evidence 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered

inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Walker appeals from his judgment of conviction for rape, claiming the district court erred by violating his confrontation rights, his right to present his defense, and his right to the assistance of counsel. Specifically, Walker asserts the district court erred by sustaining the State's objection to the question as to whether S.K. had been prosecuted for making a false report to police, "instructing the jury not to consider evidence that was relevant to the witness' bias and motivation to testify for the State and by admonishing defense counsel not to argue that evidence [during] his closing argument." The State argues the district court did not err, and even if it did, such error was harmless.

Walker contends that evidence S.K. allegedly committed a crime by giving false statements to a law enforcement officer and was not charged for such crime was relevant to show S.K. had bias and motivation to testify for the State. Walker relies on *State v. Gomez*, 137 Idaho 671, 52 P.3d 315 (2002) to support his argument that "Idaho's appellate courts have repeatedly held that a defendant has the right to present the jury with information that the witness committed a crime and was not prosecuted, as such evidence is relevant to the witness' possible motivation to testify in favor of the State." While bias and motive are properly the subject of direct or cross-examination of a witness, such inquiries are limited by the rules of evidence, including I.R.E. 401 and I.R.E. 403, which require the evidence to be both relevant and not unfairly prejudicial. *Gomez* does not, as Walker suggests, allow for the admission of evidence of bias and motive without limitation, and the facts of *Gomez* are distinguishable from this case.

In *Gomez*, the defendant sought to cross-examine a witness about not being prosecuted for a significant felony, i.e., growing marijuana within their residence with children present, and the State objected on relevancy grounds. *Id.* at 674-75, 52 P.3d at 318-19. The witnesses in *Gomez* were specifically advised by the prosecution that they would not be prosecuted for the significant felonies because of the statements they made in cooperation with the State. *Id.* at 674, 52 P.3d at 318. Conversely, the prosecution made S.K. no such promise, nor is there any evidence in the

3

record to support Walker's argument that S.K. testified against Walker in order to avoid prosecution for making a false statement to law enforcement. The district court found as much.

S.K. acknowledged, and the jury was allowed to consider, that she sent a text message to the deputy with false statements. Walker's argument that he should have also been allowed to characterize S.K.'s text message as a crime presumes it, in fact, was a prosecutable offense. Such a presumption is unwarranted on the facts of this case. Indeed, taking Walker's argument to its logical conclusion would mean that a victim like S.K. would be subject to prosecution for a false report to law enforcement no matter what because either the original report would be false or the retraction would be false. The district court found "[w]hat's not relevant is the defense counsel's implication to the jury that the witness committed a crime, and for the jury then to determine whether or not she committed a crime." Thus, the district court did not err in precluding Walker from characterizing S.K.'s inconsistent statements as a crime and preventing trial counsel from arguing such in closing.

To the extent the *possibility* that S.K. *could* have been prosecuted for a false statement would have some minimal relevance, the district court concluded allowing the jury to determine whether S.K. committed a crime "gets into the realm of speculation, and . . . it's prejudicial to the State" and the prejudice "outweighs any relevance that the implication would have. So the jury should not be left with an impression that the witness committed a crime." Walker argues the district court erred in alternatively ruling the evidence was more prejudicial than probative. Walker contends the district court exceeded the outer bounds of its discretion and failed to act consistently with applicable legal standards when considering I.R.E. 403. Walker argues that the district court's "failure to identify the probative value of the evidence as exposing S.K.'s possible bias and motivation . . . undermines any exercise of reason in the court's 'weighing' of value against the 'prejudice'" and that the prejudice was not unfair but is precisely what a defendant is entitled to suggest and argue to the jury in testing the witness's credibility. Walker further argues the jury would not be misled by learning that S.K. could be prosecuted for sending a knowingly false text message regarding an ongoing criminal investigation with the intent the investigation be dropped. Walker asserts that, because the cross-examination of S.K. was short and simple, the jury understood S.K.'s desire to avoid prosecution (despite no evidence that she was avoiding prosecution by doing so) motivated her to testify that she had a sexual relationship with Walker.

4

Even if the fact that S.K. was not prosecuted for giving false information was marginally relevant, the district court correctly made the I.R.E. 403 determination. Asking the jury to consider whether S.K.'s conduct constituted a crime would require the jury to speculate and would be unfairly prejudicial to the State. S.K. testified that she made inconsistent statements to law enforcement and that she was aware that there could be legal consequences for false statements to police. There is little or no probative value provided by asserting these statements constituted a crime. As a general matter, it is not enough to be obstruction of an officer's duties where the false statement did not impede or increase the burden of officers. *State v. Brandstetter*, 127 Idaho 885, 888, 908 P.2d 578, 581 (Ct. App. 1995). While S.K. may have intended for her text message to influence officers to stop their investigation of Walker, there is no evidence it stopped or even impeded the investigation. The district court determined it was unclear or speculative whether the text message constituted a false report and a crime, thus the impeachment value is more attenuated. The State argues although uncharged criminal conduct may be relevant, that does not diminish the potential for unfair prejudice associated with hearing testimony regarding convictions or crimes not directly at issue in the case. If Walker presented evidence that S.K.'s conduct was a crime, the court would need to instruct the jury what constitutes a false report; the jury would need to determine if a separate criminal violation occurred; and the door would be opened to the parties presenting additional evidence and argument on this issue. As a result, there would be a high probability of the jury confusing the issues and being misled. We defer to the district court's I.R.E. 403 determination and cannot say it was an abuse of discretion. Thus, the district court properly instructed the jury not to consider any inference or speculation in the cross-examination of S.K. that she may have committed a crime and instructed defense counsel not to argue that S.K. committed an uncharged crime.

The State further argues that if the district court's ruling was in error, it was harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*,

5

141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Assuming the district court erred in excluding evidence that S.K. may have committed an unprosecuted crime by providing false statements to the officer, any such error is harmless beyond a reasonable doubt. First, as noted above, the probative force of the excluded evidence of the possible commission of a specific uncharged crime was of limited additional probative value in light of the admission of evidence that she made inconsistent statements to law enforcement. The jury already knew that S.K. sent a text to the officer that was inconsistent with her original report and her trial testimony; and there could be legal consequences for having done so. The probative force of the record as a whole is strong in relation to the probative force of any error in excluding the additional implication that S.K.'s inconsistent statement constituted a crime. Further, S.K.'s trial testimony was corroborated by the recordings, which contained statements by Walker that he had a sexual relationship with S.K. while he was twenty and she was sixteen and that S.K.'s child could be his because he and S.K. had unprotected sex. Detective Lam Thai interviewed Walker by phone and, though Walker initially claimed to only be friends with S.K., he later acknowledged that he had a sexual relationship with her when he was twenty years old and she was sixteen. In a second phone interview with Detective Thai, Walker again acknowledged that he had a sexual relationship with S.K., including vaginal, oral, and anal sex; they never used a condom; and S.K.'s child might be his. These recorded interviews were played for the jury. In addition, Detective Thai listened to another recorded phone conversation between Walker and a family member in which Walker said that S.K. is the "mother of my child."

In his reply brief, Walker minimizes the evidentiary value of the recorded phone conversations because the detective admitted to the jury he did not know Walker, had never met him face-to-face, did not verify Walker's identity, and did not recognize Walker's voice. Walker further argues the jury did not have an opportunity to compare the recordings to Walker's voice since he did not testify. At trial, defense counsel raised an objection that there was insufficient foundation to admit the recordings. The district court overruled the objection. The district court necessarily determined that there was foundation to establish the conversations on these recordings were with Walker. The admission of the recordings and Detective Thai's testimony is not an issue

raised in the appellant's opening brief and, thus, is not at issue on appeal. *State v. Raudenbaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Walker's attempt to minimize the probative force of this evidence despite its admission at trial and the record as a whole is unconvincing. Thus, even if the district court erred in prohibiting evidence of a potential crime by S.K., the error was harmless beyond a reasonable doubt. Moreover, even if Walker is correct that it is relevant S.K. could have committed a crime and was not charged for it, the court correctly determined to exclude such evidence and, therefore, properly instructed defense counsel not to argue this in closing argument. Thus, the district court also did not err in precluding defense counsel from arguing S.K. committed an uncharged crime in closing argument.

## IV.
## CONCLUSION

The district court did not err in ruling that the implication S.K. committed an uncharged crime was inadmissible and further instructing defense counsel not to argue such in closing. Accordingly, we affirm the judgment.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.