Dearl **CRUMP**, Appellant,

v.

**STATE** of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

March 29, 1984.

Permission to Appeal Denied by Supreme Court July 2, 1984.

Michael May, Blankenship & May, Kingsport, for appellant.

William M. Leech, Jr., State Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, Phyllis H. Fitzwilson, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

BYERS, Judge.

The appellant appeals from the dismissal of his post-conviction petition after an evidentiary hearing.

The only issue raised on the appeal is whether the trial judge correctly held that the appellant's plea of guilty to bringing stolen property into the state, on which he was sentenced as a Range II offender, was valid even though the state did not file a written statement notifying the appellant they would ask the court to find him to be a Range II offender.

The judgment of the trial court is affirmed.

After the appellant was indicted, counsel was appointed to represent him. The appellant subsequently decided to plead guilty, and his attorney entered into a course of negotiations with the state.

The evidence shows the appellant and his attorney learned in these negotiations that the state would seek to have the court sentence the appellant as a Range II offender. The appellant, being aware of his past record, knew he fit this category and was able, through counsel, to obtain a recommended sentence of seven years, which is the lowest sentence for a Range II offender on this offense.

The appellant now says the plea of guilty is invalid because the state did not file with the court or with defense counsel a statement that they intended to seek an enhanced punishment as required by T.C.A. § 40–35–202(a).

The trial court found from the evidence on the hearing of the petition that the appellant and his attorney were aware of the state's intent to seek enhanced punishment, that the appellant and his original trial attorney were given copies of the previous criminal record of the appellant, and that the negotiations were conducted in the context of an enhanced punishment. The evidence supports this finding.

The entry of the guilty plea is filed in this record and it reflects that the trial judge advised the appellant, upon entry of his plea, of the Range II punishment. The appellant, in that proceeding, acknowledged he was aware of the state's position and that his plea was based upon a Range II punishment recommendation.

The trial judge correctly dismissed the petition. The appellant knew what he was doing. The mere failure to file a statement under the statute prior to the plea of guilty does not vitiate the plea, where the record shows the appellant was aware of the intent of the state to ask for enhanced punishment and where he bargained on that basis.

O'BRIEN and TATUM, JJ., concur.