IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2010

## CLIFTON DOUGLAS v. JOE EASTERLING, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 2010-CR-35     Joseph H. Walker, III, Judge**

————————————————

**No. W2010-00382-CCA-R3-HC  - Filed December 29, 2010**

————————————————

The Petitioner, Clifton Douglas, appeals as of right from the Hardeman County Circuit Court's dismissal of his petition for a writ of habeas corpus. The Petitioner contends that the State failed to provide proper notice of its intention to seek enhanced punishment as required by statute. See Tenn. Code Ann. § 40-35-202(a). Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Clifton Douglas, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that on August 13, 2007, the Petitioner pled guilty to one count of sexual battery. The trial court sentenced the Petitioner to four years as a Range III, persistent offender with a release eligibility of 45 percent. On January 20, 2010, the Petitioner filed a pro se petition for writ of habeas corpus alleging that he received an illegal sentence because the State failed to file a notice of its intention to seek enhanced punishment ten days prior to the entry of his guilty plea. On January 25, 2010, the habeas corpus court summarily dismissed the petition, without the appointment of counsel and without an evidentiary hearing, finding that the petition did not state a cognizable claim. On February 18, 2010, the Petitioner filed a timely pro se notice of appeal.

The Petitioner contends that his sentence is illegal because the state failed to file a notice of its intention to seek enhanced punishment ten days prior to the entry of his guilty pleas. See Tenn. Code Ann. § 40-35-202(a). The Petitioner also complains that the habeas corpus court summarily dismissed his petition without the appointment of counsel and without requiring the State to respond to the allegations contained in the petition. The State responds that the Petitioner's claim is not cognizable in a habeas corpus case because the claim, even if proven, would merely render the judgment voidable and not void. Therefore, the State asserts that the habeas corpus court was correct in summarily denying the Petitioner's request.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only in two specific circumstances where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The State, if it believes a defendant should be sentenced as a multiple, persistent, or career offender, must provide a written notice to the trial court and defense counsel no less than ten days before trial or entry of a guilty plea. Tenn. Code Ann. § 40-35-202(a); Tenn. R. Crim. P. 12.3. However, in the context of a plea agreement, the State's failure to file a notice does not invalidate the plea "where the record shows the appellant was aware of the intent of the [S]tate to ask for enhanced punishment and where he bargained on that basis." Michael Ralph Brown v. Mills, No. E2007-01891-CCA-R3-HC, 2008 WL 4949193, at *3 (Tenn. Crim. App. Nov. 17, 2008) (quoting Crump v. State, 672 S.W.2d 226, 227 (Tenn. Crim. App. 1984)). Included in the record is the Petitioner's signed guilty plea and waiver of jury trial and appeal. The Petitioner's signed guilty plea reflects that he was to be sentenced as a Range III, persistent offender with a sentence range of four to six years and a release eligibility of 45 percent. Moreover, extrinsic evidence beyond the face of the record is required to prove the Petitioner's claim. Therefore, Petitioner's claim, even if proven, would merely render the judgment voidable, not void, and does not present a cognizable claim for habeas corpus relief. Id.; see also Reginald L. Almo, No. W2003-02559-CCA-R3-PC, 2005 WL 1249073 (Tenn. Crim. App. May 25, 2005) (concluding that the petitioner's

-2-

claim that the State failed to file "a notice to seek enhancement" of punishment, if proven, "would result in voidable, not void, judgment[]" and therefore was not a cognizable claim in a habeas corpus proceeding), perm. app. denied (Tenn. 2005). Accordingly, we affirm the judgment of the habeas corpus court.

The Petitioner additionally complains that the habeas corpus court summarily dismissed his petition without the appointment of counsel, without requiring the State to respond to the petition's allegation, and without an evidentiary hearing. A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see also Tenn. Code Ann. § 29-21-109; Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996) (stating "[t]here is . . . no requirement that the trial court afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief.") (Wade, J.). Additionally, "[t]here is no federal or state constitutional right to counsel in a habeas corpus proceeding." Summers, 212 S.W.3d at 260. Instead, appointment of counsel is left to the trial court's discretion and only permitted when "necessary." Id.; see Tenn. Code Ann. § 40-14-204. Indeed, appointment of counsel is not even required when "a petition states a cognizable claim for habeas corpus relief." Id. at 261. As noted above, the Petitioner failed to state a cognizable claim for habeas corpus relief in his petition; therefore, the habeas corpus court did not err in denying the petition without appointment of counsel or an evidentiary hearing.

The Petitioner also complains that the habeas corpus court failed to require the State to respond to his petition, and cites Tennessee Code Annotated section 29-21-116 to support his argument. Section 29-21-116, however, only applies after a writ of habeas corpus has been issued by the lower court. Section 29-21-116 does not apply in situations, like this case, where the habeas corpus court has summarily dismissed the petition for failure to present a cognizable claim for habeas corpus relief. The Petitioner asserts that failing to grant him habeas corpus relief is a "vindictive act by the [State] to punish him for exercising his right to challenge an illegal [and] unconstitutional sentence." The Petitioner, however, is mistaken. The habeas corpus court's dismissal of the petition and this court's opinion merely reflect the fact that the grounds upon which habeas corpus relief may be granted in this state are very narrow and technical, and not subject to the same liberal procedural safeguards found in post-conviction relief. Summers, 212 S.W.3d at 255, 261. Accordingly, we conclude that the habeas corpus court did not err in summarily denying the petition. We affirm the judgment of the habeas corpus court.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the

habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE