IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2014

### JOHN J. KRATOCHVIL v. JAMES M. HOLLOWAY, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2009-B-1893     J. Randall Wyatt, Jr., Judge**

---

**No. M2014-00600-CCA-R3-HC - Filed October 27, 2014**

---

The petitioner, John J. Kratochvil, filed a petition for a writ of habeas corpus, seeking relief from his conviction of second degree murder. The habeas corpus court denied the petition, and the petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

John J. Kratochvil, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Clarence E. Lutz, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Katrin Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

The Davidson County Grand Jury returned an indictment against the petitioner, charging him with the first degree murder of his wife. On March 31, 2010, the petitioner pled guilty to the lesser-included offense of second degree murder. The plea agreement provided that the petitioner would receive an "out of range sentence pursuant to Hicks v. State, 945 S.W.2d 706 (Tenn. 1997)"; specifically, he agreed to "a thirty-five year sentence to be served at 100% as a multiple offender." John Joseph Kratochvil v. State, No. M2012-00112-CCA-R3-PC, 2013 WL 587882, at *1 (Tenn. Crim. App. at Nashville, Feb. 15, 2013), perm. to appeal denied, (Tenn. 2013).

Thereafter, on February 23, 2011, the petitioner filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, this court affirmed the denial. Id. On August 17, 2012, the petitioner filed a petition for a writ of error coram nobis. The petition was dismissed, and this court affirmed the dismissal. See John Joseph Kratochvil v. State, No. M2012-02716-CCA-R3-CO, 2013 WL 1805619, at *1 (Tenn. Crim. App. at Nashville, Apr. 30, 2013), perm. to appeal denied, (Tenn. 2013).

On November 20, 2013, the petitioner filed a petition for a writ of habeas corpus, alleging that his sentence was illegal because the State failed to provide notice of intent to seek enhanced punishment; that the trial court lacked jurisdiction to sentence the petitioner by not affording him "his procedural due process when the district attorney failed to file notice"; that the sentence was illegal because the trial court failed to "inquire into the basis for the Range II sentence"; and that the trial court failed to ensure the petitioner's guilty plea was knowingly and voluntarily entered. The habeas corpus court found that none of the petitioner's claims establish that the conviction or sentence was void; instead, at most, his claims would render the conviction or sentence voidable. Accordingly, the habeas corpus court denied the petition. On appeal, the petitioner challenges this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

As the trial court correctly stated, the petitioner's claims regarding the knowing and voluntary nature of his plea would, at best, render his judgment voidable, not void; therefore, such allegations are not cognizable claims for habeas corpus relief. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Further, we note that this court has previously observed that during the guilty plea hearing, the trial court advised the petitioner, and the petitioner agreed, that he was pleading guilty to an out-of-range sentence for second degree murder to avoid a trial for and conviction of first degree murder. Kratochvil, No. M2012-00112-CCA-R3-PC, 2013 WL 587882, at *2. Moreover, regarding a claim that the State failed to provide notice of its intent to seek enhanced punishment, this court has held that "[t]he mere failure to file a statement under the statute prior to the plea of guilty does not vitiate the plea, where the record shows the [petitioner] was aware of the intent of the state to ask for enhanced punishment and where he bargained on that basis." Crump v. State, 672 S.W.2d 226, 227 (Tenn. Crim. App. 1984). Accordingly, the State's failure to provide a notice of enhanced punishment would likewise render the judgment voidable, not void, and would not afford the petitioner habeas corpus relief. See Clifton Douglas v. Joe Easterling, Warden, No. W2010-00382-CCA-R3-HC, 2010 WL 5549052, at *2 (Tenn. Crim. App. at Jackson, Dec. 29, 2010).

### III. Conclusion

We conclude that the habeas corpus court did not err by denying the petitioner's petition for a writ of habeas corpus. Accordingly, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE

-3-