# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 25, 2015

## STATE OF TENNESSEE v. BOBBY LEE ALLEN ROBINETTE

**Appeal from the Criminal Court for Roane County**
**No. 2012-CR-171, 2012-CR-91, 2012-CR-132A, 2012-CR-165, 14581B**
**E. Eugene Eblen, Judge**

—————————————

**No. E2014-01688-CCA-R3-CD – Filed August 11, 2015**

—————————————

The defendant, Bobby Lee Allen Robinette, pled guilty pursuant to a plea agreement to one count of robbery, a Class C felony, and four counts of the theft of $1,000 or more but less than $10,000, Class D felonies. The defendant received an effective sentence of twenty-three years. Thirty-one days after the entry of the judgment, the defendant filed a motion to set aside his pleas, which the trial court denied. The defendant appeals, arguing that his guilty pleas were not entered voluntarily based on the State's failure to file a notice that he would be sentenced outside Range I, based on the assertion that he was sentenced outside his Range in one conviction, and based on certain omissions from the inquiry required under Rule 11 of the Tennessee Rules of Criminal Procedure. After a thorough review of the record, we conclude that the defendant's motion was timely because the judgment forms do not bear a "file-stamp" date indicating when they were filed with the clerk. Because the trial court did not abuse its discretion in denying the motion to withdraw the guilty pleas, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Mary Ward (at plea hearing) and Kevin C. Angel (at post-judgment motion and on appeal), Oak Ridge, Tennessee, for the appellant, Bobby Lee Allen Robinette.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Russell Johnson, District Attorney General; and Bill Reedy and Alyson Kennedy, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

The defendant was indicted on February 22, 2011, in case number 14581B for one count of aggravated robbery and one count of misdemeanor theft committed on November 26, 2010. The pending charges apparently did not curtail his criminal activities, and in June 2012, the defendant was indicted on the following charges:

> Case No. 2012-CR-91: one count of burglary other than a habitation and one count of theft of $1,000 or more but less than $10,000 committed on February 26, 2012;

> Case No. 2012-CR-165: one count of vandalism, one count of theft of $1,000 or more but less than $10,000, and one count of burglary other than a habitation committed on March 7, 2012;

> Case No. 2012-CR-171: one count of theft of $1,000 or more but less than $10,000 committed on November 16, 2011;

> Case No. 2012-CR-132A: one count of burglary other than a habitation and one count of theft of $1,000 or more but less than $10,000 committed on March 6, 2012.

On July 1, 2013, the defendant pled guilty to the reduced charge of robbery in case number 14581B and to one count of Class D theft in each of the other four indictments. All the remaining charges were dismissed as part of the plea agreement. Another indictment, which was not named in this appeal and which charged the defendant with Class C theft of over $10,000, was also dismissed pursuant to the agreement. According to a handwritten notation on the judgment forms, the judgment was entered on July 8, 2013.

On August 8, 2013, the defendant's new attorney filed a motion to set aside the pleas on a variety of grounds, including that the pleas were not knowing and voluntary, that the defendant was not advised that he was pleading out of the appropriate range on one conviction, that his counsel did not sign the judgment forms, that the defendant was not given notice of the judgment, and that he was not advised of certain rights at the hearing.

At a hearing on the motion, the defendant's former counsel testified that she did not receive or waive notice of the State's intent to seek an enhanced sentence. She also testified that she did not receive a copy of the judgment and was thus unable to sign it or give it to the defendant. She testified that she was aware of the defendant's criminal history, that she discussed his exposure based on that history with him, and that she spent a substantial amount of time reviewing his various charges and attempting to negotiate a plea. She explained to the defendant the advantages and disadvantages of pleading guilty, and she felt that the defendant understood the charges and the choices he was making.

The trial court denied the motion to set aside the defendant's pleas, finding that the pleas had been entered into knowingly and voluntarily. On appeal, the defendant contends that his pleas were not voluntary because he was not advised regarding the convictions that the State was relying on to establish his range; because he was not advised he was pleading outside his range; because the trial court did not ensure that the pleas were not the result of force, threats or promises; because the trial court did not advise the defendant that there would be no further trial of any kind; and because the trial court did not inquire whether his willingness to plead guilty was the result of prior discussions between the district attorney general and trial counsel.

## ANALYSIS

### I. Timeliness

The defendant pled guilty to these charges on July 1, 2013, and the judgment forms contain the trial judge's signature and show the "Date of Entry of Judgment" as July 8, 2013. Defense counsel's signature is not on the forms, and the court clerk did not sign the documents to certify that copies of the judgments were made available to the parties. The judgment forms contain no "file-stamp" date. The defendant's motion to withdraw his guilty pleas was not filed until August 8, 2013, thirty-one days after the "Date of Entry of Judgment" listed on the judgment forms. The trial court denied the defendant's motion on August 27, 2014, and the defendant filed a notice of appeal the same day.

The State contests the timeliness of the defendant's filings. While identifying the

issue as one regarding the timeliness of the motion to withdraw the plea in its argument heading, the State inexplicably presents only legal arguments regarding the timeliness of a notice of appeal document, an issue quite distinct from the timeliness of a motion to withdraw a guilty plea.[1]  The motion to withdraw the plea was filed thirty-one days after the date indicated as the "Date of Entry of Judgment" on the judgment form. The notice of appeal was filed on the same day that the trial court ruled on the motion.  Accordingly, if the defendant had thirty days after the date listed in the "Date of Entry of Judgment," then neither the motion nor the notice of appeal was timely filed.  The timeliness of the filings is a question of law reviewed de novo with no presumption of correctness.  *See State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003).

Under Tennessee Rule of Criminal Procedure 32(f), "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice."  A judgment generally becomes final thirty days after entry unless the defendant files a notice of appeal or certain specified post-judgment motions.  *Green*, 106 S.W.3d at 648.  A conviction entered pursuant to a guilty plea becomes final thirty days after acceptance of the plea and imposition of the sentence.  *Id.* at 650.  Once a judgment has become final, the trial court loses jurisdiction and may no longer hear or decide a motion to withdraw a guilty plea.  *Id.* at 648-49.  However, the timely filing of a motion to withdraw a guilty plea stays the judgment until the trial court rules upon the motion.  *State v. Peele*, 58 S.W.3d 701, 704-05 (Tenn. 2001).

An untimely motion, on the other hand, is a nullity which does not extend the deadline for filing a notice of appeal.  *State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987) (considering a motion for a new trial).  Furthermore, a trial court's erroneous consideration of a motion filed outside its jurisdiction does not validate the motion.  *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (considering a motion for a new trial).

Accordingly, if the motion was filed more than thirty days after the entry of judgment, the trial court was without jurisdiction to consider it, and any ruling on the motion is a nullity. We must determine, therefore, when the judgment was "entered" in order to determine whether the motion was timely.  Here, although the judgment itself was dated July 8, 2013, the document bears no "file-stamp" date showing that it was filed with the clerk and made part of the record.

---

[1]In the headings in its brief, the State alternately identifies the issue as the timeliness of the motion to withdraw and as the timeliness of the notice of appeal. The legal analysis is limited to argument regarding the timeliness of the notice of appeal, which, unlike the motion to withdraw the plea, is not jurisdictional and may be waived by this court in the interest of justice. *See* Tenn. R. App. P. 4(a).

Tennessee Rule of Criminal Procedure 32(e) requires that "[a] judgment of conviction shall be signed by the judge and entered by the clerk." In *State v. Stephens*, the court orally pronounced the defendant's sentence from the bench. *State v. Stephens*, 264 S.W.3d 719, 727 (Tenn. Crim. App. 2007). When the judgment form was subsequently prepared, the "Date of Entry of Judgment" was listed as September 3, 2004, while the file stamp and minute entry showed a date of September 10, 2004. *Id.* This court concluded that "the 'file-stamp' date provides evidence of when the order of sentence was entered by the clerk. Thus, the effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge." *Id.* at 729; *see also State v. Vaughn*, 279 S.W.3d 584, 593 (Tenn. Crim. App. 2008) (quoting *Stephens* for the proposition that "'the effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge.'"). Likewise, in *Graham v. State*, the Tennessee Supreme Court held that the time for filing an appeal from a denial to reopen a post-conviction petition runs from the time when the order denying the motion to reopen is filed with the trial court clerk and not when the judge signs the order or the clerk enters it into the minutes. *Graham v. State*, 90 S.W.3d 687, 690 (Tenn. 2002). In *State v. Norman*, this court concluded that the defendant's notice of appeal was timely filed because it was filed within thirty days of the date that the judgment was filed with the clerk, although not within thirty days of the date the trial judge signed the judgment. *State v. Willie Norman*, No. W2003-02067-CCA-R3-CD, 2004 WL 2255253, at *5 (Tenn. Crim. App. Oct. 7, 2004).

In the instant case, there was no "file-stamp" date at all. The same situation was presented in *State v. Kimble*, where the court concluded that "[a] handwritten notation on the judgment form above the pre-printed 'Date of Entry of Judgment' without being signed by the trial court clerk is not an indication of when the judgment was filed." *State v. Kenny Kimble*, No. W2012-00407-CCA-R3-CD, 2013 WL 3795949, at *4 (Tenn. Crim. App. July 22, 2013); *see also State v. Jeremy Wendell Thorpe*, No. M2014-00169-CCA-R3-CD, 2015 WL 1242964, at *4 (Tenn. Crim. App. Mar. 16, 2015) (concluding that the motion was timely filed because the thirtieth day after the judgment was signed was a Sunday, but noting nevertheless that the judgment, which showed a "Date of Entry of Judgment" but no file-stamp, was "not sufficient to confirm that date as when the judgment was entered"). The district attorney general bears the responsibility to ensure that the judgment forms have been filed. T.C.A. § 40-35-209(e)(1) (2010). This responsibility includes the task of making sure that the document bears a "file-stamp" date. *Kimble*, 2013 WL 3795949, at *4.

Because the documents do not have a "file-stamp" date indicating when they were received by the clerk, we conclude that the defendant's motion was timely despite having been filed thirty-one days after the date shown in the "Date of Entry of Judgment."

Accordingly, we proceed to the merits of his claim.

## II. Motion to Withdraw Pleas

The defendant moves to withdraw his guilty pleas based on several alleged errors. First, the defendant avers that he was not properly notified of prior convictions which would be used to establish his appropriate range for sentencing purposes. He states that he was not informed that he was pleading outside the proper range on one of his convictions. The defendant also argues that the trial court failed to determine that his plea was voluntary and not the result of force, threats, or promises. He asserts that the trial court erred because it did not advise him that he was waiving his right to a trial and that there would be no further trial of any kind except as to sentence. He also asserts error in the trial court's failure to inquire whether the defendant's plea was the result of prior discussions between the District Attorney General and the defendant or his attorney.

A trial court's ruling on a motion to withdraw a guilty plea is reviewed for abuse of discretion. *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). An abuse of discretion occurs when a trial court applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party. *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010). A trial court also abuses its discretion when it fails to consider factors provided by higher courts as guidance for determining an issue. *Phelps*, 329 S.W.3d at 443. The burden of establishing grounds to withdraw a plea is borne by the defendant. *Id.* at 444.

Under Tennessee Rule of Criminal Procedure 32(f)(2), "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." The defendant does not have a unilateral right to withdraw his plea, but a trial court's discretion should be exercised "'with caution in refusing to set aside a plea of guilty.'" *Phelps*, 329 S.W.3d at 444 (quoting *Henning v. State*, 201 S.W.2d 669, 671 (Tenn. 1947)). A mere change of heart is insufficient to support the withdrawal of a guilty plea. *State v. Crowe*, 168 S.W.3d 731, 743 (Tenn. 2005).

A plea may, however, be withdrawn to correct manifest injustice if:

> (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), and this failure to

disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

*Crowe*, 168 S.W.3d at 742 (footnotes omitted).  A denial of due process also constitutes manifest injustice.  *Id.* at 742-43.

### A. Prior Convictions

The defendant first claims that the trial court erred in denying his motion to withdraw his guilty pleas because he was sentenced as a Range II and Range III offender but the State failed to file the required notice and did not introduce proof of his prior convictions.  Tennessee Code Annotated section 40-35-202(a) requires that the State file "(1) written notice, (2) clearly expressing the State's intention to seek sentencing outside of the standard offender range, (3) setting forth the nature of the prior felony conviction, the dates of the convictions, and the identity of the courts of the convictions."  *State v. Livingston*, 197 S.W.3d 710, 713-14 (Tenn. 2006) (footnote omitted).

When the State fails to file the required notice prior to trial and the defendant is tried and sentenced outside the standard offender range, the sentence cannot stand.  *State v. Carter*, 121 S.W.3d 579, 585 (Tenn. 2003).  However, when the defendant enters a guilty plea with full awareness that the agreed-upon sentence falls outside Range I, the defendant is not entitled to relief.  *See Brooks v. State*, 756 S.W.2d 288, 291 (Tenn. Crim. App. 1988) (noting that the issue was not cognizable in a post-conviction petition, but nevertheless concluding that the petitioner, who had actual knowledge he would be sentenced in Range II, was not entitled to relief based on lack of notice); *see also Livingston*, 197 S.W.3d at 714 n.3  (citing *Brooks*, 756 S.W.2d at 291, for the proposition that "the fact that [the defendant] had actual knowledge that he would receive a Range II sentence and that he agreed to such sentence as part of a plea bargain agreement meant that he could not later complain on appeal that the recidivist penalty was void for lack of notice"). In *Crump v. State*, this court stated in a post-conviction context that "[t]he mere failure to file a statement under the statute prior to the plea of guilty does not vitiate the plea, where the record shows the appellant was aware of the intent of the state to ask for enhanced punishment and where he bargained on that basis." *Crump v. State*, 672 S.W.2d 226, 227 (Tenn. Crim. App. 1984).

The transcript of the guilty plea hearing reflects that the defendant was aware that he was being sentenced above the standard offender range.  At the plea hearing, the State and trial court informed the defendant that he would be sentenced as a persistent offender on the robbery conviction, with a forty-five percent release eligibility date.  The defendant

was also informed that he was being sentenced in Range II on his theft convictions. The trial court asked the defendant if he understood his sentence, and the defendant responded by asking what the release eligibility percentage was on the eight-year sentences. The trial court answered, and the defendant then clarified his sentence by asking, "And 15 is 45?" After this discussion, the defendant agreed that he understood his plea agreement. Accordingly, the fact that the State did not file notice of enhancement does not constitute manifest injustice such that the trial court erred in refusing the defendant's motion on this basis.

The defendant next contends that his prior convictions did not establish that he was a Range III offender and that he was not advised that he was pleading outside the proper range on the robbery conviction. A prior conviction is "a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced." T.C.A. § 40-35-107(b)(1). The Tennessee Supreme Court has clarified that a prior conviction is "a conviction that has been adjudicated prior to the commission of the more recent offense for which sentence is to be imposed." *State v. Blouvett*, 904 S.W.2d 111, 113 (Tenn. 1995) (concluding that crimes committed within a one-month span but adjudicated contemporaneously could not enhance each other as regards to range); *see also Edwards v. State*, 269 S.W.3d 915, 918 (Tenn. 2008). The defendant was sentenced as a Range II offender on his Class D felonies and as a Range III offender on the Class C felony. A defendant may choose to accept a plea bargain in which he is sentenced outside his range, so long as the sentence is authorized by statute. *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). "Thus, 'a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility.'" *Davis v. State*, 313 S.W.3d 751, 760 (Tenn. 2010) (quoting *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007)).

In *Mahler*, the defendant did not qualify as a Range II offender, and he was not informed that he did not qualify for a Range II sentence. *Mahler*, 735 S.W.2d at 227. The defendant filed a post-conviction petition challenging his classification as a Range II offender, and the court concluded that by expressly agreeing to the sentence and parole eligibility, the defendant waived any error. *Id.* at 228. The court elaborated that "[a]ny error of his attorney in not advising him of the distinctions between Range I and Range II offenders under the circumstances of this case had no effect whatever upon the defense or the disposition of the original criminal charges." *Id. Mahler*, however, was addressing whether the error required post-conviction relief, not whether there was manifest injustice to withdraw a guilty plea, "a standard that is more inclusive and less stringent than constitutional abridgement." *State v. Antonio Demonte Lyons*, No. 01-C01-9508-CR-00263, 1997 WL 469501, at *8 (Tenn. Crim. App., Aug. 15, 1997).

In the context of the withdrawal of a guilty plea, this court has stated that "failure

to advise a defendant of the appropriate sentencing range, to apply the appropriate sentencing statute, or to inform a defendant of the consequences flowing from the guilty plea" has been found to be manifest injustice. *Lyons*, 1997 WL 469501, at *12. In *State v. Harris*, the court found that the defendant's plea was not knowing and voluntary and could be withdrawn when the trial court and attorneys applied the incorrect statute and informed the defendant that his exposure was five to fifteen years rather than four to ten years. *State v. Arthur Harris*, C.C.A. No. 103, 1989 WL 119448, at *1-2 (Tenn. Crim. App. Oct. 11, 1989).

The defendant's attorney testified that she was aware of his criminal history at the time that she represented him, that she discussed with him what his total sentencing exposure would be given his criminal history, and that she discussed the advantages and disadvantages of pleading guilty. She stated that in her opinion, he understood the nature of the charges against him and the choice that he was making. The defendant did not testify at the hearing on the motion to withdraw his pleas, and consequently there is nothing in the record showing that he was unaware that he was accepting a sentence outside his range. The defendant never alleges, either through testimony or in his filings, that he did not know he was being sentenced to a higher range than that established by his prior convictions. In fact, the record does not contain any evidence of what the appropriate range was for the defendant, beyond the inference we can glean from the fact that he was sentenced as a Range II offender for his Class D felonies. The defendant bears the burden of establishing grounds to withdraw a guilty plea. *Phelps*, 329 S.W.3d at 444. Unlike the defendant in *Harris*, who established that he had been incorrectly informed of his criminal exposure, the defendant here has offered no proof that he was unaware of the correct range of punishment. The only evidence in the record on the subject is trial counsel's assertion that she was aware of his criminal history and discussed his exposure with him based on that history. While it is true that the trial court did not inform the defendant at the hearing that he was being sentenced outside the range established by his prior convictions, the defendant does not claim that he was ignorant of the range of punishment he could have received. Because the defendant did not establish that manifest injustice would result if the pleas were not set aside, we conclude that, despite the deficiencies of the plea hearing, the trial court did not abuse its discretion in denying the motion.

## B. Rule 11

The defendant next claims that certain omissions in the plea hearing vitiate the voluntariness of his pleas. In his motions to withdraw his guilty plea and at the hearing, the defendant did not raise the issue that the trial court failed to adhere to the requirements of Tennessee Rule of Criminal Procedure 11. Although the State does not argue that these claims are waived, we conclude they were not presented to the trial court.

*See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). In any event, the defendant has failed to show that the trial court abused its discretion in denying the motion to withdraw the pleas because he has not established manifest injustice.

A plea is voluntary when the defendant understands the consequences of the plea and the law in relation to the facts. *Lane v. State*, 316 S.W.3d 555, 563 (Tenn. 2010). The relinquishment of fundamental rights, such as the right to a jury trial, the right against self-incrimination, and the right to confront accusers, must be evident in the record and cannot be presumed. *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977) *superseded on other grounds by rule as stated in State v. Wilson*, 31 S.W.3d 189, 193 (Tenn. 2000). The trial court must address the defendant to make sure that the defendant is aware of what the plea connotes and of its consequences. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

In determining whether a plea was made knowingly and voluntarily, the court may evaluate:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Id.* at 904. Because the guilty plea involves the waiver of constitutional rights, the plea must be "'an intentional relinquishment or abandonment of a known right or privilege.'" *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003) (quoting *Mackey*, 553 S.W.2d at 340). A plea is not voluntary if it results from "'[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship*, 858 S.W.2d at 904 (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)).

Tennessee Rule of Criminal Procedure 11(b)(1) requires the trial court to determine that the defendant understands:

> (A) The nature of the charge to which the plea is offered;

> (B) the maximum possible penalty and any mandatory

-10-

minimum penalty;

(C) if the defendant is not represented by an attorney, the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

(D) the right to plead not guilty or, having already so pleaded, to persist in that plea;

(E) the right to a jury trial;

(F) the right to confront and cross-examine adverse witnesses;

(G) the right to be protected from compelled self incrimination;

(H) if the defendant pleads guilty or nolo contendere, the defendant waives the right to a trial and there will not be a further trial of any kind except as to sentence;

(I) if the defendant pleads guilty or nolo contendere, the court may ask the defendant questions about the offence to which he or she has pleaded. If the defendant answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against the defendant in a prosecution for perjury or aggravated perjury; and

(J) if the defendant pleads guilty or nolo contendere, it may have an effect upon the defendant's immigration or naturalization status, and, if the defendant is represented by counsel, the court shall determine that the defendant has been advised by counsel of the immigration consequences of a plea.

The Rule further requires the court to "address the defendant personally in open court and determine that the plea is voluntary and is not the result of force, threats, or promises (other than promises in a plea agreement)." Tenn. R. Crim. P. 11(b)(2). It is also the duty of the trial court to "inquire whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney general and the defendant or the defendant's attorney." *Id.*

-11-

However, literal compliance with the Rule is not required. *State v. Neal*, 810 S.W.2d 131, 137 (Tenn.1991), *overruled in part on other grounds by Blankenship*, 858 S.W.2d at 902. Instead, the Rule requires substantial compliance, which is met by expressing the substance of the required advice. *Id.* A patent omission from the required advice is error, but it is subject to harmless error analysis. *Id.* at 138. The level of harmless error analysis depends on whether the omission was constitutional error or merely a violation of the supervisory authority of the court. *Lane*, 316 S.W.3d at 565.

The transcript reveals that the trial court did not ask the defendant if the agreement were the result of force, threats, or promises, did not ask him if it were the result of prior discussions between the prosecutor and his attorney, and did not ascertain that he understood there would be no further trial of any sort except as to sentence. The written plea agreements signed by the defendant recite that the defendant would not have a further trial of any sort and that the agreements were not the result of force, threats, or promises apart from the agreement. *See Terrance Perkins v. State*, No. W2000-02910-CCA-MR3-PC, 2002 WL 1482691, at *3 (Tenn. Crim. App. Mar. 21, 2002) (noting that the petitioner had signed a document advising him of his constitutional rights and concluding that petitioner was not entitled to post-conviction relief).

Although the defendant correctly points out these defects in his plea hearing, he does not say how the trial court's errors resulted in manifest injustice. The defendant never alleges that the agreements were the result of force, threats, or promises outside the agreement; he never alleges that he was not aware if the agreements were the result of discussions between his attorney and the State; and he never alleges that he was not aware that he would have no further trial of any sort except as to sentence. In evaluating whether the pleas were voluntary, we conclude from the defendant's sentences that he had some prior criminal convictions and accordingly, some familiarity with the criminal justice system. His counsel testified at the hearing on the motion to withdraw the plea that she had spent significant time discussing his sentencing exposure with him and attempting to reach a plea agreement on all charges. As part of the agreement, numerous charges against the defendant were dropped, and he pled guilty to the lesser charge of robbery in case number 14581B, thereby avoiding a greater penalty. It is the defendant's burden to establish manifest injustice. We conclude that the defendant waived the issue and further that he failed to meet his burden of establishing manifest injustice. Accordingly, we cannot say that the trial court abused its discretion in denying the motion. We do not consider any other possible errors in the plea hearing, as they are not raised in this appeal.

## CONCLUSION

Based on the foregoing, we affirm the trial court's denial of the motion. We note that, while the defendant was charged with and agreed to plead guilty to Class D theft of $1,000 or more but less than $10,000 in case number 2012-CR-91, the judgment form incorrectly shows that he pled guilty to a Class C felony of theft of more than $10,000. When there is a conflict between the judgment forms and the plea hearing, the transcript from the plea hearing controls. *State v. Philip Michael Patterson*, No. E2007-02788-CCA-R3-CD, 2010 WL 4540065, at *7 (Tenn. Crim. App. Nov. 10, 2010). We remand for the correction of the judgment.

_____
JOHN EVERETT WILLIAMS, JUDGE